## ENSIGN *vs.* SHARP.

1. If one agreed to build a party wall, resting half upon his own land and half upon the land of an adjoining land owner, furnishing the material and labor therefor, and such adjoining land owner agreed that, upon its completion, he would pay one-half of the cost thereof, and should own a joint interest therein, and have the right to use it whenever he desired to build upon his own land; and as the land of the adjoining owner did not extend as far north as the wall, it was agreed that the party erecting it should convey to him the small strip of land lying northward of where his line terminated, such contract was absolute and not conditional; the covenants therein were independent, and the breach of one did not relieve from the obligation of another. Therefore, a conveyance by the party building the wall was not a condition precedent to the enforcement of his claim against the adjoining owner for his proportion of the cost thereof.

(a.) In case of concurrent conditions, to be simultaneously performed, if one party is ready and willing, and offers to perform, and the other will not, the first is discharged from the performance of his part, and may maintain an action against the other.

2. A proceeding at law, which set out a contract such as that stated above, and sought to enforce it for the purpose of recovering one-half of the cost of building the wall, was practically as effectual as a bill for the specific execution of the contract. Under it the plaintiff obtained a judgment for money due to him, while the defendant is protected in his right to the conveyance of the land he purchased.

March 18, 1884.

Contracts. Before Judge STEWART. Monroe Superior Court. February Term, 1883.

Cyrus Sharp brought suit against Charles A. Ensign,

alleging that he and defendant were adjoining land owners; that he desired to build a brick building; that prior thereto, both parties entered into a contract which, in substance, was, "that petitioner should erect the east wall of said brick building, half on petitioner's ground and half upon the ground of said Ensign, and upon the completion of the wall, said Ensign was to pay half the cost of erecting said wall, and was to own a joint interest in the same, and have the right to use the same whenever he desired to build on his land; and it was further agreed, that as the land of said Ensign did not extend as far north as the brick wall extended, your petitioner was to convey to the said Ensign the small plat of land lying between the north line of the store of Ensign and a parallel line running east, beginning at the northeast corner of said brick store, which land belongs to petitioner, and he is now, and has ever been ready to convey the same, as agreed, upon payment of the money." The declaration then alleged the amount of the indebtedness claimed under such contract, and prayed process.

Defendant pleaded the general issue.

The evidence was conflicting as to whether the contract was made with defendant or his father; whether the latter was authorized to contract, or his action was ratified, and also as to the amount of ground that was to be conveyed by plaintiff to defendant. It appeared that no deed had been tendered by the plaintiff; but a witness for him testified that the father of defendant prepared a deed for plaintiff to sign, and upon being informed that it covered more ground than was agreed, and that plaintiff would convey only the amount which he claimed was agreed upon, he said defendant would not pay unless it was signed.

The jury found for the plaintiff $92.33, and that execution do not proceed until plaintiff should file in the clerk's office a fee simple deed to the strip of land described in his declaration. Defendant moved for a new trial on

grounds which are sufficiently stated in the decision. The motion was overruled, and he excepted.

T. B. CABANISS; A. D. HAMMOND, for plaintiff in error.

BERNER & TURNER, for defendant.

HALL, Justice.

The plaintiff's declaration sets forth an absolute and not a conditional contract, and avers part performance, with a tender of full performance, on his part.

There is no dispute that the plaintiff furnished the material and built the wall in question; the only controversy was as to the quantity of land the plaintiff agreed to convey to the defendant in connection with one-half of the wall. This question was plainly submitted to the jury, and they found in favor of the plaintiff's version. On the question in issue, the testimony was in distressing conflict. There was evidence enough to sustain the verdict, and the court did not err in refusing to set it aside and grant a new trial; at least, there was no abuse of discretion in refusing the new trial. The contract, as set forth in the plaintiff's declaration, and as substantially proved by his witnesses on the trial, was, that plaintiff should erect the east wall of his building, one-half on his own and the other half on defendant's land, and upon the completion of the same, defendant was to pay one-half the cost thereof, and was to own a joint interest therein with plaintiff, and have the right to use it whenever he desired to build on his land; and as the land of defendant did not extend as far north as the wall did, that plaintiff should convey to him the small plat of ground lying between the north line of his store, and a parallel line running east, beginning at the northeast corner of plaintiff's brick store, which plat of land then belonged to plaintiff. The court instructed the jury, that if the contract was that the plaintiff was to build a wall half on defendant's land, and was to furnish the ma-

terial and labor, and if the defendant was to pay for one-half of the same, and plaintiff was to convey one-half of the land on which the wall is situated, together with any other number of feet in the rear of defendant's building, as far back as the brick wall ran, or farther, as they might believe from the evidence, then they would be authorized to return a verdict for the plaintiff for one-half the amount the wall cost, and that the execution, which should issue on the judgment, should be stayed until the plaintiff should file in the clerk's office of the court a fee simple deed conveying one-half the wall, and such other number of feet in the rear of defendant's store as they might find from the evidence was agreed by the parties to be conveyed, and refused to charge at the request of defendant's counsel:

(1.) That this was a suit at law, on the idea of the full performance of a contract, and therefore the burden is on the plaintiff to show that whatever the contract required him to perform was done, in order to entitle him to recover.

(2.) That if the contract required a deed from plaintiff to defendant, whether it was for five feet or more, the burden was on plaintiff to show a compliance with this part of the contract before he was entitled to recover; that this depended upon the evidence of which they were to judge; that it must be shown affirmatively that a compliance with this portion of the contract, as to the title, was performed by the plaintiff before he could maintain his suit at law.

If these requests contained correct propositions, instead of requiring them to be given in charge to the jury, they should have been taken advantage of by a motion to nonsuit the plaintiff's action at the close of his testimony, or a demurrer to the declaration should have been insisted upon before this stage of the trial had been reached. The defendant did neither, but relied on his plea of the general issue, filed to the suit. It was manifest from the plaintiff's declaration, that he had not made out and tendered the conveyance, before instituting his suit, while he avowed

his readiness to do so when he received pay for the work done and material furnished, and the evidence, as we have seen, was to the same effect. It is true that it appeared that the plaintiff refused to execute to defendant a deed for a larger quantity of land than he claimed he was bound to convey by the terms of the contract between them, but offered at that time, and before the commencement of his suit, to convey the quantity he alleged he had agreed to convey.

1. We do not think this conveyance was a condition precedent, but was rather a condition concurrent with others, which made up the entire contract. As before intimated, this was an absolute and not a conditional contract, and every covenant therein was independent of others, and the breach of one did not relieve from the obligation of another. Code, §2721, and citations thereunder. In *Biggers vs. Pace*, 5 *Ga.*, 171, 175, this court held that where, by the understanding of the parties to a contract, the conditions were concurrent, and one was ready and willing and offered to perform, and the other was not, the first was discharged from the performance of his part, and might maintain an action against the other. Lumpkin J., said in this case: " The delivery of the corn and the payment of the money were to be done at the same time. They were concurrent conditions to be simultaneously performed. And the doctrine is, that if one party is ready and willing, and offers to perform, and the other will not, the first is discharged from the performance of his part, and may maintain an action against the other. Goodison *vs.* Nunn, 4 T. R., 761; Jones *vs.* Buckley, Doug., 684." Here the plaintiff had furnished the labor and material, and erected the wall, and was ready and willing and offered to convey to the defendant so much of the land as he understood by the terms of the contract he was bound to convey, which the jury have found was the quantity agreed to be conveyed, but the defendant would not pay what he admits he was to pay of the cost of the erection, unless

the plaintiff would convey a larger quantity of land than the finding of the jury shows he was entitled to.

2. For all practical purposes, this proceeding, on the part of the plaintiff, was as effectual as would have been a bill for the specific execution of the contract. Under the power to mould verdicts at law, Code, §§3562, 3082, the plaintiff has a judgment for the money due to him, while the defendant is protected in his right to the conveyance for the land he purchased. In this view, what does it matter, whether this conveyance was a condition precedent, or whether it was concurrent with other conditions of the contract? The result of the trial is such as it should have been; there was no error in the charge of the court, or in his refusal to charge as requested.

Judgment affirmed.