## McLEOD v. HENDRY et al.

1. A party to a parol contract which would ordinarily fall within the statute of frauds, who has so far performed the same as to render it a fraud for the other party to repudiate the agreement, is not prevented by the statute from recovering damages for its breach.
2. When one of the parties to a contract places himself in a position where it is beyond his power to perform his obligation thereunder, no tender of performance by the other party, who is able and willing to perform, is necessary. So in contracts where the conditions as to performance by the respective parties are concurrent, and one is willing and ready

and offers to perform, and the other refuses to perform, the right of action is complete.

Submitted March 3,—Decided August 9, 1906.

Specific performance. Before Judge Mitchell. Brooks superior court. May 1, 1905.

John McLeod brought an equitable petition against N. C. Hendry, J. O. Lewis, and John Berryhill, making the following case: In 1894 the plaintiff purchased a described tract of land from James Reddick for $150, giving therefor his two promissory notes for $75 each, falling due at different dates, and taking from Reddick a bond for title upon the payment of the purchase-money. The plaintiff paid the first note, but, being unable to pay a balance of $50 and interest due upon the other note, he in 1897 made an arrangement with Hendry and Reddick, by which Hendry was to pay Reddick the balance of the purchase-money for the plaintiff, and Reddick was to convey the title to the land to Hendry as security for the payment of the money so advanced by him for the plaintiff, the debt for which was to become due upon a certain date, and upon the plaintiff's paying to Hendry this debt Hendry was to convey the title to him. Hendry paid the balance of the purchase-money to Reddick, and Reddick made him a deed to the land, in accordance with this arrangement. When the debt due by the plaintiff that Hendry make him a deed to the land, but Hendry failed and refused to comply with his contract to do so. Upon information and belief, the plaintiff charged that before his debt to Hendry became due the latter had, without the knowledge or consent of the plaintiff, sold and conveyed the land to Lewis; and that Lewis subsequently sold and conveyed the same to Berryhill. Lewis and Berryhill each purchased with "full knowledge and notice of . . petitioner's equity in said land." Berryhill is in possession of the land and refuses to deliver possession thereof to the plaintiff. Timber of the value of $50 has been cut from the land since it has been in possession of Hendry and those holding under him. The deed from Hendry to Lewis and the deed from Lewis to Berryhill are in the possession of Berryhill and are a cloud upon the plaintiff's title. The relief prayed for was, as to Hendry, specific performance of his contract to convey the land to the plaintiff, the petition alleging that the latter stood ready to pay the amount due to Hen-

dry; or, in lieu of specific performance, that the plaintiff recover of
Hendry the value of the land, with mesne profits, less the amount
he was due to Hendry. The relief prayed for as to Berryhill was,
that the plaintiff recover possession of the land from him, and that
he be required to produce in court the two above-mentioned deeds,
for cancellation as clouds upon the plaintiff's title. There was also
a prayer for judgment against all the defendants for $50 for waste
and for $50 per annum since the date when the debt from the plain-
tiff to Hendry fell due, as mesne profits. In view of the disposi-
tion of the case in the trial court, it is unnecessary to state the mat-
ters of defense set up. Upon the conclusion of the evidence for
the plaintiff, the defendants moved for a nonsuit, upon the follow-
ing grounds: (1) That plaintiff was not entitled to recover, be-
cause he "had no bond for title from any of the defendants to
the land; and could not recover under the statute of frauds."
(2) "Because no legal tender of the balance of the purchase-money
due on the land was ever made by plaintiff . . to N. C. Hen-
dry." The trial judge sustained this motion and dismissed the
case, and the plaintiff excepted.

W. S. *Humphreys* and J. A. *Humphreys,* for plaintiff.

COBB, P. J. 1. We are clearly of opinion that the court erred
in granting the nonsuit. As the case stood when the nonsuit was
granted, the jury could have found from the evidence, that the
plaintiff had purchased the land, on time, from Reddick at the price
of $150.00, obtained a bond for title from his vendor, gone into
possession of the land, which was then in the woods, and cleared
and cultivated a part thereof; that he had paid to Reddick a por-
tion of the purchase-money and that the balance thereof was paid
to Reddick, for the plaintiff, by Hendry under the arrangement and
agreement alleged in the petition, Reddick conveying the land to
Hendry to be held by him as security for the payment of the money
which he advanced for the plaintiff; and that after the debt which
the plaintiff owed Hendry had matured, the plaintiff had gone to
him for the purpose of paying it, carrying with him the money nec-
essary for the accomplishment of this purpose, and that Hendry had
failed and refused to comply with his contract with the plaintiff,
because he, Hendry, had already conveyed the land to Lewis and de-
livered the deeds to him, without authority from the plaintiff to do
so. They could have also found that the land had greatly appre-

ciated in value since the plaintiff purchased it from Reddick, and was at the time of the trial worth four or five hundred dollars. It is clear that, under these facts, the plaintiff was entitled to recover against Hendry, unless Hendry could escape liability upon the ground that the contract between him and the plaintiff, not being in writing, was void under the statute of frauds. Unless Hendry could take refuge in the statute of frauds, he could not, under these facts, escape a verdict against him in the plaintiff's favor, for they certainly made a case for the recovery of damages. We do not think the statute of frauds prevented a recovery by the plaintiff. The contract between the plaintiff and Hendry had been partly performed on both sides, and there had been such part performance by the plaintiff as would render it a fraud for Hendry to refuse to comply with his obligation under the contract, upon the ground that the contract was not in writing; and whenever this is the case the statute does not apply. The plaintiff had acquired valuable rights under his contract with Reddick. He had purchased the land and paid part of the purchase-money for the same, and held Reddick's bond to convey to him the title upon payment of the purchase-money. Upon the faith of Hendry's agreement, the plaintiff released Reddick from his obligation to make him a title upon the payment of the balance of the purchase-money, had the title transferred by Reddick to Hendry, as security for the loan made by him to the plaintiff, and looked to Hendry, instead of to Reddick, for the title. It is obvious that to allow Hendry to shield himself behind the statute of frauds and thus avoid his promise to convey the title to the property to the plaintiff, after the plaintiff, in reliance upon such promise, had so materially altered his position, had parted with his rights against Reddick, and had procured him to convey the title to Hendry, would be to make the statute a refuge for instead of a means for the prevention of fraud. A party to a parol contract which would ordinarily fall within the statute of frauds, who has so far performed the same as to render it a fraud for the other party to repudiate the agreement, is not prevented by the statute from recovering damages for its breach. Civil Code, §2694 (3); *Knight* v. *Knight,* 28 *Ga.* 165 (1); *Bryan* v. *Southwestern Railroad Co.,* 41 *Ga.* 75. And specific performance of a parol contract as to land will be decreed, if it be so far executed by the party seeking relief, and at the instance or by the inducements

of the other party, that if the contract be abandoned, he can not be restored to his former position. Civil Code, §4037. "Equity will decree the whole performance of an agreement which is within the statute of frauds, whenever there has been such a part performance as that the whole performance is necessary to prevent a fraud, and whole performance is necessary to prevent a fraud in a case where the parties have proceeded so far, on the faith of the agreement, that they can not be restored to their statu quo nor adequately compensated in damages, by avoiding the agreement and leaving them to their action for damages." *Chastain* v. *Smith*, 30 *Ga.* 96; *Gilmore* v. *Johnston*, 14 *Ga.* 683; *Maddox* v. *Rowe*, 23 *Ga.* 433. The petition contained an alternative prayer for the recovery of damages, in lieu of specific performance, and the plaintiff introduced evidence from which the jury could have found the amount of damages sustained by him by reason of the breach of the contract by the defendant Hendry. The material question is, could the plaintiff recover at all upon proof of a parol contract? We have seen that, under the facts alleged and shown by the evidence, he could; and hence the fact that the contract was in parol was not sufficient to authorize the grant of a nonsuit.

2. The other ground of the motion for a nonsuit was equally untenable. It is well settled that no tender is necessary when it would be a mere idle and useless ceremony. When one of the parties to a contract is unable to perform his obligation thereunder, no tender of performance by the other party, who is able and willing to perform, is necessary. 28 Am. & Eng. Enc. L. 9, and cases cited. So in contracts where the conditions as to performance by the respective parties are concurrent, and one is willing and ready and offers to perform, and the other refuses to perform, the right of action is complete. *Biggers* v. *Pace*, 5 *Ga.* 172; *Booth* v. *Saffold*, 46 *Ga.* 278; *Ensign* v. *Sharp*, 72 *Ga.* 712; *Phillips* v. *Williams*, 39 *Ga.* 604. "When a contract for the sale of land and putting the purchaser in possession was broken by the vendor saying to the purchaser that he could not comply with its terms, tender of the purchase-money was unnecessary." *Irwin* v. *Askew*, 74 *Ga.* 582. See also *Kerr* v. *Hammond*, 97 *Ga.* 567.

As the plaintiff made out a case which would have authorized a recovery against the defendant Hendry, and a nonsuit was granted, we have not deemed it necessary to consider whether the plaintiff,

under the evidence submitted, could have recovered against the other defendants or not. We will say, however, that if, as the evidence tended to show, the plaintiff was in possession of the land when Hendry made the deed to Lewis and when Lewis made the deed to Berryhill, then Lewis and Berryhill each purchased with implied notice of the plaintiff's rights, and neither was an innocent purchaser.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*