CROSBY *v.* GEORGIA REALTY COMPANY.

ATKINSON, J.   1. If one party to a continuing contract, consisting of mutual obligations, renounces and repudiates it prior to the date fixed for performance, the other party is at liberty either to immediately treat such renunciation as a breach of the contract and sue for damages sustained therefrom, or to treat the contract as still binding, and wait until the time arrives for performance, in order to give the party who has repudiated the contract an opportunity to comply with its terms.   *Ford* v. *Lawson*, 133 *Ga.* 237 (5), 238 (65 S. E. 444), and citations.   But where the contract is for the sale of land, and the seller renounces and repudiates the contract before the time specified for the execution of a deed and the surrender of possession, the seller• not putting it out of his power to comply with the contract, by sale to others, or otherwise, an action commenced by the purchaser against the seller to compel execution of a deed and to obtain a decree for title, upon such repudiation of the contract by the latter, before the time for the execution of a deed and delivery of possession, is premature.   Barton *v.* New England Mortgage Co. (Miss.), 25 So. 362.

(*a*) A cause of action must have existed at the time of the institution of the suit; and the fact that pending the suit the time arrived for the execution of a conveyance by the seller, and that he thereafter continued to repudiate the contract, would not authorize the action to proceed for the relief sought.

(*b*) The rulings above announced are not in conflict with those made in Miller *v.* Jones, 68 W. Va. 526 (71 S. E. 248, 36 L. R. A. (N. S.) 408), relied upon by counsel, which merely sought to enforce certain provisions of the contract in regard to acceptance of payment of installments of purchase-money and other charges, and did not seek to compel the seller to execute a deed or to have title decreed to be in the purchaser before the time agreed upon for making the deed.   Relief of the latter kind would, in effect, change the contract; and in the case cited it was distinctly ruled that such could not be done.

2. Because the suit for specific performance, in which the only relief sought by the petition as amended was to have a decree for execution of a deed and to have title decreed in plaintiff, was premature, the judge erred in overruling the demurrer, and thereafter in directing the verdict and entering a decree in favor of the plaintiff for the relief sought.

3. Inasmuch as the action was premature, other questions which go to the merits of the case will not be decided.

                    *Judgment reversed.   All the Justices concur.*
                    SEPTEMBER 28, 1912.

Equitable petition.   Before Judge Conyers.   Appling superior court.   March 17, 1911.

On July 26, 1910, the Georgia Realty Company, a corporation, instituted an action against J. H. Crosby for specific performance of the following contract, signed by both parties:

"Graham, Ga., April 16, 1910.   Received of Georgia Realty

Company, of Madison, Georgia, $500.00 in part payment of 1,400 acres of land, same being in Appling and Jeff Davis Counties, Georgia, same being all the land I own on south side of the Southern Railroad, containing 325 acres, more or less, including all improvements, storehouses, dwellings, houses, tenant-houses, barns, stables, turpentine site, etc., also 1,075 acres lying on the north side of the Southern Railroad, including all tenant-houses, wire fencing, and improvements of all kinds, balance to be paid January 1, 1911, $21,500; this includes five storehouses, one barn, one commissary, one ginhouse, four dwelling-houses, on nine acres of land known as town property. I hereby guarantee 1,400 acres to be surveyed and expenses paid by me, the difference to be deducted or paid at same rate. I also guarantee titles subject to examination; and if not found satisfactory, $500.00 to be returned to buyer. This is to be done at the cost of buyer, Georgia Realty Company, of Madison, Georgia. Possession to be given to said property on or by January 1, 1911, when paid in full. This April 16th, 1911."

In order to meet certain grounds of demurrer, the plaintiff in effect abandoned its effort to require a deed to any land north of the Southern Railroad, but sought an apportionment and to require a deed to the ascertained acreage of the land south of the Southern Railroad. In other words, the petition, as amended, alleged an offer to pay for 355 acres, being the ascertained amount of land referred to in the contract as lying south of the railroad, at the apportioned price of $15.71 3/7 per acre, amounting to $5,578.58. It also alleged a repudiation of the contract by the defendant on the 14th day of May, 1910. The prayer was for specific performance of the contract relative to the 355 acres south of the Southern Railroad, and, "in the event this petition is not finally disposed of before January 1, 1911 (the date at which a deed was contracted to be made), that the said J. H. Crosby be required by order and decree of the court to show cause, at the next term of court, why he should not execute a warranty deed in and to the lands described in the fourth paragraph of this petition and receive the balance of the purchase-price herein tendered." On March 10, 1911, the judge directed a general verdict in favor of the plaintiff, and thereupon, on March 17, 1911, entered a decree reciting that the plaintiff had deposited with the clerk of court $4,007.15, subject to the order of the defendant, and ordered that the defendant,

upon being presented with the same for execution, execute and deliver to the plaintiff a fee-simple warranty deed to the described tracts of land, which, by amendment to the petition, were alleged to constitute the land sued for, lying south of the Southern Railroad; decreeing further that the title of defendant to such property "is hereby vested in said Georgia Realty Company." The defendant urged, by demurrer to the petition as amended, by exceptions to the judgment, and otherwise, that the suit was prematurely instituted; and the judgment being adverse to him, he excepted.

*W. W. Bennett,* for plaintiff in error.

*A. V. Sellers, S. D. Dell,* and *H. A. King,* contra.