### 9634. WASHINGTON EXCHANGE BANK *v.* SMITH.

1. An objection that a deed offered in evidence was "inadmissible" was too general and indefinite.

2. A provision in a promissory note held by a bank, which was secured by a deed to the bank, that "any excess of security upon this note shall be applicable to any other note or claim held by said bank, against me," was not, without more, sufficient to show that the parties intended that the deed should secure also the payment of a note held by the bank which was made by the same person before the execution of the first mentioned note.

3. A formal tender of payment of the $5,000 note was in effect waived by the statement on the part of the plaintiff, when the defendant offered to pay that note, that the amount due thereon would not be accepted unless the amount due on the $447 note was also paid; and the plaintiff was not entitled to recover interest from that time on the $5,000 note.

4. The judgment in favor of the plaintiff is too general, in that it does not specify the amount due on the $5,000 note. Direction is given that the judgment be so amended as to cure this defect.

DECIDED FEBRUARY. 1,—ADHERED TO ON REHEARING, FEBRUARY 27, 1919.

(Certiorari granted by the Supreme Court.)

Complaint; from Wilkes superior court—Judge Walker. November 20, 1917.

*Colley & Colley,* for plaintiff.    *I. T. Irvin Jr.,* for defendant.

BROYLES, P. J. 1. This court can not say that the admission in evidence of the deed from R. M. Smith to Sallie L. G. Smith was error. The only objection made at the time of its admission was that it was "inadmissible." This objection was too general and indefinite. Some specific ground or reason why it was inadmissible should have been stated.

2. Under the agreed statement of facts, the court, passing by consent upon all questions both of law and fact, did not err in finding and adjudging that the $5,000 note was the only note sued on which was secured by deed, and that the $447 note was not so secured. The deed in question which secured the $5,000 note was executed prior to the execution of the $447 note. The $447 note was, however, executed prior to the execution of the $5.000 note, and was held by the plaintiff bank at the time of the making of the latter note. The $5,000 note did not specifically refer to the $447 note (both notes being executed by the same person), but contained the following provision: "And it is hereby agreed and understood that any excess of security upon this note shall be applicable to any other note or claim held by said bank against me". No

parol evidence was introduced to show that the $447 note was secured by the deed given to secure the $5,000 note, or that this was the intention of the parties, and the language just quoted from the $5,000 note was insufficient in itself to establish such fact.

3. The court erred in finding that the defendant made a legal tender of the amount due on the $5,000 note. The agreed statement of facts clearly shows that no such tender was ever made. This error, however, was harmless to the plaintiff, as the undisputed evidence showed that the plaintiff stated to the defendant, when the latter offered to pay the $5,000 note, that it would not accept the amount due on the $5,000 note unless the amount due on the $447 note was also paid. "A formal tender is unnecessary, where express declarations are made by the party to whom money is payable that he will not accept it if tendered. The law takes one who makes such a statement at his word, and does not thereafter require the doing of a vain thing." *Arnold v. Empire Life Insurance Co.*, 3 *Ga. App.* 685 (5), 708 (60 S. E. 470); *Southern Life Insurance Co. v. Logan*, 9 *Ga. App.* 503 (2), 507, 508 (71 S. E. 742); *McLeod v. Hendry*, 126 *Ga.* 167 (2), 171 (54 S. E. 949); *Irwin v. Askew*, 74 *Ga.* 581 (4). Under the facts of the instant case a tender by the defendant would have been "a mere idle and useless ceremony", and it was therefore unnecessary.

(a) The plaintiff was entitled to recover the amount of the principal due on the $5,000 note, with accrued interest thereon to the date of its refusal to accept payment of such note and interest from the defendant.

4. The judgment is too general, in that it does not specifically designate the amount due the plaintiff on the $5,000 note. The court below is directed to amend its judgment to cure this defect.

*Judgment affirmed, with direction. Bloodworth and Stephens, JJ., concur.*

### ON REHEARING.

BROYLES, P. J. In our judgment the principle of law stated in *Gray v. Angier*, 62 *Ga.* 596, that "a tender, to prevent the running of interest, must be continuing," is not applicable in a case where no legal tender was ever made. In the instant case, as decided by this court, no legal tender was made; but the evidence authorized a finding that a bona fide offer to pay the $5,000 note was made by the debtor to his creditor on March 14, 1917, that the former really

intended and was able to make the payment, and that this offer was rejected by the creditor on the following day. Under these circumstances the creditor was not entitled to interest on the note after the latter date, to wit, March 15, 1917. "Where a debtor is really and bona fide ready to make payment and intends to do so, but is prevented from so doing by the act or omission of his creditor, the latter will not be entitled to interest." 15 R. C. L. 33, § 30; Hart v. Brand, 10 Am. 715 (A. K. Marsh, (Ky.) 159). "If the failure to make payment of the principal debt is due to any improper act of the creditor, or to such conduct on his part as prevents the debtor from complying with his contract to pay, interest on such debt is generally suspended during the time the debtor is so prevented from making payment." 22 Cyc. 1554, § 2, note 93.

*Judgment adhered to. Broyles and Stephens, JJ., concur.*