22876.   SHELL PETROLEUM CORPORATION *v.* JACKSON, guardian, *et al.*

668

Decided September 30, 1933.

*H. G. Bell,* for plaintiff in error.
*John R. Wilson, W. H. Miller,* contra.

Sutton, J. The testamentary guardians of a minor, whose estate included a city lot on which stood several houses, were approached by an agent of an oil company with a view of leasing a portion of the premises for ten years for the purpose of erecting thereon a gasoline-service station. They informed the agent that the property belonged to the estate of their ward, and their attorney would have to be consulted. The attorney advised them that it would be necessary to get an order of court before they could so lease the property. They informed the agent of this, and submitted to him two propositions for leasing the premises for said term, at different amounts of rentals, with the privilege of renewal for an additional term of ten years. The agent communicated these propositions to the oil company, which accepted the one at the lowest rental, and the agent so informed the guardians. Under the agreement the guardians were to prepare the premises for the erection of the service station. After advertisement once a week for four weeks in a local newspaper, the guardians applied to the judge of the superior court for an order authorizing them to lease the premises to the oil company for ten years at the price named, and the court, after the appointment of a guardian ad litem and a hearing on the application of the guardians, granted them an order to so lease said lands to the oil company. The guardians then prepared the premises for the erection of the service station, removing therefrom certain houses. The guardians, at the request of the agent, forwarded to the oil company said order of the court,

together with the lease signed by them and an abstract of the title to the property. The attorneys for the oil company requested that the guardians furnish them with proof of their guardianship, and that one of the guardians, who had a contingent remainder interest in the land, sign the lease individually and as guardian. All this was done by the guardians and the lease sent to the oil company for its signature. Thereafter the oil company refused to sign the lease, stating that the rent was too high, and returned all papers to the guardians. The guardians sued out an attachment, and levied on certain property of the oil company. They filed a declaration from which the foregoing facts appear, and in which they sought damages of the defendant for the removal of said houses and preparing the premises for the erection of the service station, for loss of rent on the houses for twelve months thereafter, for court costs in the matter of procuring the order of court, for attorney's fees in that matter and in preparing an abstract of title, and for attorney's fees in the present action, by reason of the stubborn litigiousness of the defendant. The defendant demurred to the declaration generally and upon various special grounds. The court overruled the demurrer, and the defendant excepted pendente lite, and error is assigned thereon in the final bill of exceptions. The case proceeded to trial and resulted in a verdict in favor of the plaintiffs for the full amount sued for. The defendant's motion for a new trial was overruled, and to this judgment it excepted.

1. A lease of lands for five years or more creates an estate for years and passes as realty in this State. Such an estate may be bought and sold as any other estate, subject to the terms and conditions of the lease. Civil Code (1910), §§ 3685, 3690, 3691; *Schofield* v. *Jones,* 85 *Ga.* 816 (11 S. E. 1032) ; *James G. Wilson Mfg. Co.* v. *Chamberlin-Johnson-DuBose Co.,* 140 *Ga.* 593 (79 S. E. 465) ; *Baxley Hardware Co.* v. *Morris,* 165 *Ga.* 359 (140 S. E. 869) ; *Jones* v. *Fuller,* 27 *Ga. App.* 84 (107 S. E. 544) ; *Harms* v. *Entelman,* 21 *Ga. App.* 295 (94 S. E. 276). By complying with the provisions of sections 3064 and 3065 of the Civil Code of 1910, these guardians could convey such an estate for years to the defendant company in this case, after due advertisement and proper application to the superior court and order of the judge thereon, for the purpose of reinvestment. Such a conveyance or lease would not be such a renting of their ward's lands as contemplated by sec-

tion 3067 of the Civil Code, but would amount to a sale of an estate in the lands, subject to the terms and conditions of the lease contract.

(*a*)  Under these sections of the code, authorizing guardians to sell property of their ward either at public or private sale, for reinvestment, the guardians could, before they obtained the order of the court, enter into negotiations looking to a private sale or lease of an estate for years to the defendant, and such action on their part would not be contrary to public policy and illegal.  This necessarily had to be done in order to present all the facts to the superior court in the application for an order under these sections of the code.  A sale of lands by a guardian for reinvestment may be made at public or private sale under direction of the judge of the superior court; and the lease of an estate for years of lands is in effect the sale of an estate for years therein.

(*b*)  The petition in this case was subject to some of the special grounds of demurrer urged, in that it does not show that there was a proper application to the judge of the superior court for a lease or sale of these lands for the purpose of reinvestment of the funds derived therefrom, and in that it does not show that there was a proper order of court to the petition, or otherwise show that the same were proper.  However, any error of the court in not sustaining these grounds of special demurrer was cured, for upon the trial of the case the application of the guardians for leave to execute a lease of an estate for years in said land and the order of the superior-court judge granting such leave were admitted in evidence without objection, and it appears therefrom that such lease was to be made for the purpose of reinvestment and that the requirements of sections 3064 and 3065 were complied with.

2.  Where a party bound by an executory contract repudiates his obligation before the time for performance, the other party has the option to treat the contract as ended so far as future performance is concerned, and to maintain an action at once for the damages occasioned by the breach.  *Crosby* v. *Georgia Realty Co.*, 138 *Ga.* 746 (76 S. E. 38).  This is true whether the contract is wholly executory or has been partially executed.  13 C. J. 653; Central Trust Co. *v.* Chicago Auditorium Asso., 240 U. S. 581 (36 Sup. Ct. 412, 60 L. ed. 811, L. R. A. 1917B, 580).  The injured party may treat the renunciation as an immediate breach of the contract and

sue at once for any damages which he may have sustained. *Ford* v. *Lawson,* 133 *Ga.* 237 (65 S. E. 444) ; *Smith* v. *Georgia Loan &c. Co.,* 113 *Ga.* 975 (39 S. E. 410).

(*a*) The plaintiffs, in addition to actual damages by reason of the renunciation of the lease contract by the defendant, sought damages for loss of rent on the houses removed by them by reason of the preparation of the premises for the occupancy of the defendant for a period of twelve months, the same amounting to $600. The petition does not show that the plaintiffs had these houses rented for this period of time, and that by reason of the repudiation of the contract by the defendant their ward's estate actually lost this amount of rent. The guardians would be entitled to recover whatever amount of rents on these houses was actually lost to the estate of their ward by reason of action of the defendant in repudiating the lease contract. The defendant demurred to the paragraph of the petition containing the allegations as to this element of damages, on the ground that the same were too remote and that this item was not a proper element of damages. The court overruled this ground of the demurrer. This ground was well taken and should have been sustained. The plaintiffs were entitled to recover only for such damage as was actually sustained by reason of the defendant's repudiation of the lease. According to the pleadings, such damage included the cost of removing the houses, preparing the premises for the filling station, cleaning off the lot, court costs incurred in obtaining the order of the court to lease or sell said lands, attorney's fees in obtaining the order of court and in having an abstract of the title prepared, and the cost of removing the plumbing from the houses removed.

3. The plaintiffs sought $300 as attorney's fees in the present action, on account of the stubborn litigiousness of the defendant, and recovered that sum. "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." Civil Code (1910), § 4392. While expenses of litigation are not allowed for bad faith in refusing to pay, yet where there is evidence that the acts of the defendant put the plaintiffs to unnecessary trouble and expenses, that the defendant has acted in bad faith in the transaction and dealings out of which the cause of ac-

tion arose, and has been stubbornly litigious, it is a question for the jury to pass upon, under proper instructions from the court. See *Emery* v. *Atlanta Real Estate Exchange,* 88 *Ga.* 321, 332 (14 S. E. 556) ; *Lovell* v. *Frankum,* 145 *Ga.* 106, 109 (88 S. E. 569). Under the evidence in this case, the verdict for $300 as attorney's fees in the case was authorized.

4. There is no merit in the contention that the transaction in this case was an oral contract to lease or sell an estate for years in land, and thereby unenforceable, under the statute of frauds. The entire transaction can be gathered from the correspondence between the parties and the written lease contract, which was signed by the plaintiffs and delivered to the defendant lessee for its signature. Nothing remained to be done except for the defendant to sign the lease. The premises had been prepared in accordance with the agreement and were ready for occupancy by the defendant. The order of court had been obtained and the title to the land perfected. All of this at an expense to the plaintiffs. They had further obtained, at the request of the defendant, a permit from the city for a filling station to be erected upon the premises. Furthermore, even if this had been a parol contract for the sale of lands, as would ordinarily fall within the statute of frauds, there had been such a part performance upon the part of the guardians as would render it a fraud for the defendant to repudiate the agreement, and the guardians would not be prevented from recovering damages for its breach by the defendant upon that ground. *McLeod* v. *Hendry,* 126 *Ga.* 167 (54 S. E. 949). The acts done by the guardians were not only in reliance upon, but in performance of, the contract. *Graham* v. *Theis,* 47 *Ga.* 479.

5. There was no error in permitting a witness for the plaintiff, after refreshing his memory from a memorandum made by him, to testify as to an item of damage claimed in this case.

6. It was error to admit evidence as to the twelve months' rent claimed by the plaintiffs and for the court to charge the jury that the plaintiffs could recover this item as an element of damages, it not being alleged nor proved that the guardians had actually lost this sum as rental on the buildings removed.

7. No other error appearing, except as pointed out above, the judgment overruling defendant's motion for a new trial is affirmed upon condition that the plaintiffs write off the item of dam-

ages for $600 rent at the time the remittitur is made the judgment of the court below; otherwise the judgment will be reversed.

*Judgment affirmed on condition. Jenkins, P. J., and Stephens, J., concur.*