22027. KINGSDALE APARTMENTS, INC. v. BOARD OF LIGHTS & WATERWORKS OF THE CITY OF MARIETTA.

ARGUED MAY 13, 1963—DECIDED MAY 29, 1963.

*Nall, Miller, Cadenhead & Dennis, Grubbs & Prosser, C. Henry Freas, Jr.,* for plaintiff in error.

*Sam J. Welch, Frank D. Holcomb, Holcomb & McDuff,* contra.

MOBLEY, Justice. We need not determine at this juncture whether or not defendant is required to furnish plaintiff the services by virtue of an enforceable contract, an estoppel, or an ordinance of the City of Marietta, because the record shows that this petition was prematurely brought. Plaintiff's proposal was to consent to the annexation of areas of the total tract in stages as they were developed and construction completed. The defendant accepted this proposal, thus agreeing to furnish services to each component area as it was developed and construction was completed. Plaintiff does not allege that it has developed any area and completed construction thereon or that it is time for defendant to perform. Instead, plaintiff seeks to establish defendant's repudiation of the agreement by alleging that defendant has by resolution decided to abstain from extending the utility services to the property pending a recommendation of the Mayor & Council of Marietta. Based on that alleged repudiation, plaintiff seeks specific performance of the alleged agreement, injunction against breach of that agreement by defendant and, in the alternative to the prayer for injunctive relief, a judgment for damages.

An injunction against refusing performance is in effect a decree of specific performance. *Lowell Machine Shop v. Atlanta Cotton Factory Co.,* 60 Ga. 233 (2).

Insofar as the petition is one for specific performance and injunction it is premature because the time for performance has not yet arrived. *Crosby v. Georgia Realty Co.,* 138 Ga. 746 (1) (76 SE 38); *Gilleland v. Welch,* 199 Ga. 341 (2, 3) (34 SE2d 517); *Ehrlich v. Teague,* 209 Ga. 164 (2) (71 SE2d 232).

Further, the resolution of defendant to abstain from extending the utility services pending a recommendation from the Mayor & Council of Marietta is not such a repudiation as will provide the basis for an action for damages for an anticipatory breach. *Smith v. Georgia Loan &c. Co.*, 113 Ga. 975 (39 SE 410) ; *Oklahoma Vinegar Co. v. Carter & Ford*, 116 Ga. 140 (2) (42 SE 378, 59 LRA 122, 94 ASR 112) ; *Anderson v. Kirby*, 125 Ga. 62 (2) (54 SE 197, 114 ASR 185, 5 AC 103) ; *Ford & Co. v. Lawson*, 133 Ga. 237 (5) (65 SE 444). The petition was therefore prematurely brought and the trial court correctly dismissed it upon motion of the defendant.

*Judgment affirmed. All the Justices concur.*