40366.   NASH et al. v. GREENIG.

DECIDED NOVEMBER 27, 1963—REHEARING DENIED
DECEMBER 17, 1963.

*Charles H. Wills, Paul C. Myers,* for plaintiffs in error.

*Walter E. Baker, Jr.,* contra.

JORDAN, Judge. The allegations of the instant petition which averred that the defendant offered to lease certain property owned by the plaintiffs at a fixed monthly consideration and for a stated term which was to commence upon the completion of a

building which was then being constructed on the property by the plaintiffs, provided that certain enumerated alterations and additions were made to said building in order to adapt it to the use intended by the defendant, and that the plaintiffs through T. R. Nash accepted said offer, and commenced making the alterations and additions agreed upon, were sufficient to show the execution of an executory contract to make a lease by the parties; and the fact that said contract was in parol did not render it void and unenforceable, as contended by the defendant, since the allegations of the petition showed sufficient part performance of an essential part of the agreement by the plaintiffs, as to bring it without the operation of the statute of frauds. *Shell Petroleum Corp. v. Jackson,* 47 Ga. App. 667 (171 SE 171). "A party to a parol contract which would ordinarily fall within the statute of frauds, who has so far performed the same as to render it a fraud for the other party to repudiate the agreement, is not prevented by the statute from recovering damages for its breach." *McLeod v. Hendry,* 126 Ga. 167 (1) (54 SE 949).

"Where a party bound by an executory contract repudiates his obligation before the time for performance, the other party has the option to treat the contract as ended so far as future performance is concerned, and to maintain an action at once for the damages occasioned by the breach. *Crosby v. Georgia Realty Co.,* 138 Ga. 746 (76 SE 38). This is true whether the contract is wholly executory or has been partially executed. 13 CJ 653; Central Trust Co. v. Chicago Auditorium Asso., 240 U.S. 581 (36 SC 412, 60 LE 811, LRA 1917B, 580). The injured party may treat the renunciation as an immediate breach of the contract and sue at once for any damages which he may have sustained. *Ford v. Lawson,* 133 Ga. 237 (65 SE 444); *Smith v. Georgia Loan &c. Co.,* 113 Ga. 975 (39 SE 410)." *Shell Petroleum Corp. v. Jackson,* 47 Ga. App. 667, 670, supra.

The allegations of the petition in this case disclosed that the defendant repudiated his obligation to lease the property before the time for performance of the same but after the plaintiffs in performance of the agreement by the parties had expended a sum of money in conforming the building under construction to the defendant's specifications; and under the decision of this

court in the *Shell Petroleum* case, supra, the plaintiffs under these alleged facts were entitled to recover for such damage as was actually sustained by reason of the alleged repudiation of the agreement to lease the property.

The trial court erred therefore in sustaining the defendant's general demurrer to the petition and that judgment must be

Reversed. *Nichols, P. J., and Frankum, J., concur.*