## 40411. CAIN v. CHAMBLESS.

FRANKUM, Judge. The assignment of error in this case is on the judgment of the trial court sustaining a motion to dismiss in the nature of a general demurrer addressed to the purported cross action of the defendant in the case of *Chambless v. Cain,* ante. Paragraph 12 of the answer and cross action of the defendant in that case, which is the only portion of the defendant's pleading material to the issue thus presented, reads as follows: "This defendant shows that although only $2,000 indebtedness has accrued under the option entered into between the defendant and the plaintiff, this defendant has paid to the plaintiff the sum of $4,000, and is entitled to recover of the plaintiff the sum of $2,000 on and after July 10, 1963, if, prior to July 10, 1963, plaintiff shall not have made a deed to the defendant conveying fee simple title thereto. (a) This defendant paid to the plaintiff $1,000 on July 10, 1961, and this defendant paid to the plaintiff the additional and further sum of $3,000 on March 20, 1962."

1. One of the assignments of error to the sustaining of the motion to dismiss is that it was contrary to the law of the case established by the previous ruling and judgment of the court overruling certain demurrers addressed to this paragraph. However, an examination of the record shows that the prior order of the court dealt only with two special demurrers attacking the allegations of this paragraph on the ground that they were conclusions of the pleader and because no copy of the option contract referred to therein was attached as an exhibit. Clearly, these grounds of demurrer did not present any question as to the sufficiency of the pleading attacked so that a judgment overruling them constituted an adjudication that paragraph 12 of the answer and cross action was sufficient to set forth a cause of action, and such judgment was no bar to the action of the court in subsequently entertaining a motion to strike in the nature of a general demurrer. *Kelly v. Strouse,* 116 Ga. 872 (5a) 883 (43 SE 280).

2. Assuming that paragraph 12 of the defendant's answer may have otherwise been sufficient as a cause of action or cross complaint against the plaintiff, it clearly alleges that the right of the defendant to recover the sum of $2,000 from the plaintiff accrued only on and after July 10, 1963, if prior

to that date plaintiff shall not have made the defendant a deed conveying fee simple title to the property. This answer and cross action, having been filed on October 10, 1962, affirmatively shows that the cause of action, if any the defendant has against the plaintiff, had not accrued at the time it was filed, and in the absence of any allegation setting forth some reason why the defendant would be entitled to recover sooner, it was properly dismissed on motion of the plaintiff. *Crosby v. Ga. Realty Co.*, 138 Ga. 746 (1a) (76 SE 38); *Kingsdale Apts. v. Board of Lights &c. of Marietta*, 219 Ga. 49, 50 (131 SE2d 557).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED JANUARY 29, 1964.

*Zachary & Hunter, John L. Coney*, for plaintiff in error.
*George C. Kennedy*, contra.