### 50322. NEAL v. INSURANCE COMPANY OF NORTH AMERICA et al.

CLARK, Judge.

This is the third appeal by this employee in contesting the validity of a modification of an award rendered in her favor for injuries sustained September 17, 1967. The previous opinions are reported as *Neal v. Ins. Co. of N. A.,* 125 Ga. App. 152 (186 SE2d 552) and *Neal v. Howard Johnson, Inc.,* 126 Ga. App. 560 (191 SE2d 350) cert. denied by Georgia Supreme Court and thereafter by United States Supreme Court (411 U. S. 971). The attack is made via an application for judgment in the superior court filed in compliance with Code § 114-711. Her present contention is that she is entitled to payment of the maximum amount under Code § 114-404 for total

disability by virtue of a Form 16 agreement dated November 10, 1967 under which payments were first received by her. The insurer for the employer argues that the total due her is the maximum provided under Code Ann. § 114-405 for partial incapacity by reason of a subsequent award by a deputy director dated May 16, 1969. That later award was based upon a finding of partial incapacity effective August 8, 1968, and was the result of a change of condition hearing. The deputy director's award was made the award of the full board dated August 11, 1969, after employee's appeal. This latter award was the subject of the two previous opinions rendered by this court. The trial court's judgment recognized the modification as being the later and therefore the final award. This ruling was correct.

A complicating factor was the employee's refusal at one time to comply with a directive from the board requiring her to disclose interim earnings during which compensation payments had been suspended. Such procedure is within the board's powers. See *Hopper v. Continental Ins. Co.,* 121 Ga. App. 850, 851 (2) (176 SE2d 109).

The trial court's judgment recites that the insurer had made tender on two occasions, the last in open court, of the correct amount owed under the award which had previously been affirmed by this court. These tenders were rejected. Accordingly, the employee is not entitled to interest after the date of the rejection. See *Washington Exchange Bank v. Smith,* 23 Ga. App. 356 (98 SE 418); *Crocker v. Green,* 54 Ga. 494.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

Submitted March 10, 1975 — Decided April 28, 1975 — Rehearing denied May 16, 1975.

*Wade H. Leonard,* for appellant.
*McCamy, Minor, Phillips & Tuggle, J. T. Fordham,* for appellee.