## SANDERLIN *v.* WILLIS.

1. No legal right of rescission can arise in favor of the holder of land under a bond for titles, until after a breach of the bond by the obligor.
2. The defendant having pleaded that he had tendered the balance of the purchase money and made a demand for the title called for by the bond, and that the plaintiff failed and refused to comply with such demand; and having entirely failed to sustain these allegations by evidence, the verdict against the defendant was absolutely demanded, and ought not to be set aside, though errors were committed at the trial.

March 30, 1896. Argued at the last term.

Complaint on note. Before Judge Ross. City court of Macon. December term, 1894.

*Steed & Wimberly*, for plaintiff in error.
*Nottingham & Brunson*, contra.

LUMPKIN, Justice.

This case was before this court at the March term, 1894, when a new trial was granted because, in our opinion, the presiding judge erred in striking a plea of the defendant al-

leging that there had been a breach of the bond for titles delivered to him by the plaintiff. 94 *Ga.* 171. Another trial was had, which resulted in a second verdict for the plaintiff, and the defendant now assigns error upon the overruling of his motion for a new trial.

The announcement contained in the first head-note is too manifestly correct to require argument in its support. The real question, therefore, upon which the case turned was whether or not the defendant sustained his plea by evidence. He alleged, in substance, that he had tendered to the plaintiff, Willis, the balance of the purchase money for the land bargained for; had demanded of Willis the title called for by his bond, and that Willis had utterly failed and refused to comply with this demand.

After giving the entire brief of evidence a thorough and careful examination, we are satisfied these allegations were not sufficiently proved. There was evidence tending to show an inability on the part of Willis to make a good title to the land at the time of the alleged tender and demand, but no such defense was set up in the plea. Considered as to its bearing upon the real defense relied upon by the defendant and put in issue by his plea, this evidence is entitled to no weight, being entirely foreign to the defendant's contention that Willis had made a breach of his bond by failing and refusing to comply therewith when proper tender and demand were made.　　　*Judgment affirmed.*