### DeGRAFFENREID *v.* MENARD, and *vice versa.*

1. Where land was sold, the purchase-money partially paid, a promissory note given for the balance, and the vendor executed a bond conditioned to make title to the vendee upon payment of the note, a tender by the latter, after the maturity of the note, of the principal and interest due thereon, coupled with a condition that the vendor make and deliver to the vendee the conveyance called for by the bond, was not, under section 3728 of the Civil Code, a valid and lawful tender, the same not being "unconditional except for a receipt in full or delivery of the obligation."

2. Exceptions to refusals by the trial judge to allow a defendant to introduce evidence in support of specified contentions embraced in pleas are not meritorious, when it does not appear what the evidence offered and rejected was. The same not being set forth, this court can not undertake to determine whether refusing to allow its introduction was or was not erroneous.

3. Where a defendant who has filed several pleas, raising different issues in the case, during the progress of the trial, in open court, admits all of the plaintiff's claim except so much thereof as is attacked and affected by one

of the pleas, it is not erroneous for the court to instruct the jury that the only issue submitted to them is the one raised by this particular plea.

Argued February 2, — Decided March 23, 1898.

Complaint on note. Before Judge Felton. Bibb superior court. November term, 1896.

*Estes & Jones*, for plaintiff.

*John L. Hardeman* and *M. R. Freeman*, for defendant.

FISH, J. The plaintiff in this case sold the defendant certain land, taking from the latter a promissory note for a part of the purchase-money and giving her a bond for titles. After the note had matured the plaintiff brought suit thereon against the defendant. The defendant, among other things, pleaded tender. The tender was coupled with the condition that the plaintiff should execute and deliver to the defendant a deed in accordance with the bond for titles. The court charged the jury that the coupling of the tender with this condition "did not take it out of the rule and make [it] a conditional tender" under the law. Error is here assigned upon this charge. *Mc-Gehee* v. *Jones*, 10 *Ga.* 127, is a case directly in point on the question raised by the exception to this portion of the charge of the court. There the purchaser of certain real estate gave his notes therefor, payable at different dates, and the vendor gave him a bond, conditioned to make "good and warrantee titles when the purchase-money was paid." The purchaser paid all the notes but one, upon which suit was brought and judgment obtained by the executors of the vendor. Some time after the rendition of this judgment, the vendee filed a bill against these executors, praying for an injunction and general relief, in which, among other things, he alleged that he had paid a large part of the judgment, and at a specified date he tendered to one of the executors "the full amount of the balance due on said judgment, and demanded titles from him, which this executor neglected and refused to make." The court held that the allegations as to the tender were too vague and uncertain, and also held that "The averments of tender [were] fatally defective in this, that they [stated] a *conditional tender*. The offer to pay must be unconditional." In *Cothran* v. *Scan-*

*lan,* 34 *Ga.* 555, where the complainant in the court below had filed a bill, one of the prayers of which was that the defendants "be decreed to make titles to him for certain real estate which he had purchased from them, and paid for in part, giving his promissory note for the balance," the bill alleged that on a certain date the complainant had called on one of the defendants and offered to pay him the amount legally due on the note, "upon the condition that the defendants would then and there make titles to the complainant," and that said defendant "refused to accept said tender or to make the titles." It was held, that the averments as to tender were fatally defective, in that they stated a conditional tender; citing *McGehee* v. *Jones,* supra. See also *Miller* v. *Swift,* 39 *Ga.* 91.

According to section 3728 of the Civil Code, a tender must be "unconditional except for a receipt in full or delivery of the obligation." This recognizes and lays down the general rule followed by this court in the cases above cited, and provides the only exceptions thereto in this State. The defendant in the present case, in order to have made her tender of the amount due on the note one which the plaintiff was legally bound to accept, should have made it unconditionally, or conditioned only upon a receipt in full for the indebtedness which she sought to discharge or a delivery of the note — that is the obligation which represented the indebtedness. The tender, being clogged by a condition not recognized by the law, was not a valid one. Consequently the charge of the court upon this point was erroneous. The question with which we have been dealing was not considered or passed on in *Sanderlin* v. *Willis,* 94 *Ga.* 171, nor in the same case in 98 *Ga.* 278. In that case the defendant sought to recoup damages resulting from an alleged breach of the bond for titles on the part of the plaintiff, and alleged that he offered to pay the balance of the purchase-money when the note fell due, and was ready, and had been since then ready, to make payment whenever the plaintiff would make or furnish him good and sufficient titles to the land, agreebly to the terms of the bond; that at the maturity of the note the defendant called upon him to make or furnish "said title," and the plaintiff, in violation of his contract, wholly refused, and had hitherto

·wholly failed to make "said title." "The plea further alleged that the defendant had hitherto continually offered to return the land to the plaintiff and pay him full value for the use thereof; and contained an offer to surrender possession and ac-·count for the rents received by defendant during the time of his ·occupation of the premises; and prayed judgment, by way of recoupment, for the amount he had paid, less the rental." On ;general demurrer this plea was stricken, and the defendant ·excepted. This court held that the court below erred in strik-ing this plea. The question as to whether there was a tender ·coupled with a condition that the plaintiff should execute and ·deliver to the defendant a deed, in accordance with the bond for titles, was not presented or passed on. When the case was here the last time, in 98 *Ga.* 278, the court simply held that ·the plea, such as it was, was not proved.

In the cross-bill, the defendant in error assigns error upon ·refusals by the trial judge to allow her to introduce evidence in support of specified contentions embraced in certain pleas. In none of the exceptions or grounds of error does it appear ·what the evidence excluded was, nor what objection, if any, ·was made to its introduction and upon which the court passed. Nor does it appear that the evidence offered was excluded ;simply because it was tendered in support of a particular plea. Evidence offered in support of a perfectly good plea may be in-·admissible for various reasons, and upon objection to its admis-;sion, based upon any one of such reasons, the court may legally ·exclude it. The evidence rejected not being set forth, this court ·can not undertake to determine whether refusing to allow its introduction was or was not erroneous.

Another ground of alleged error in the cross-bill is, that the court charged the jury as follows: "The only issue I sub-·mit to you is raised on the pleas, and that is the plea of tender ·that is made in this case. The other pleas in the case, in the ·opinion of the court, do not submit issues which are necessary for you to pass upon." In the first part of the charge of the ·court, which the judge ordered filed and made a part of the record in the case, it is stated that it was admitted by the de-·fendant, through her counsel, that she owed the note sued on

by the plaintiff and the interest thereon for one year, she contending that, at the maturity of the note, she tendered to the plaintiff the amount of the note, with the interest due thereon to the time of the tender, that it was declined by the plaintiff, and that after that time the note did not bear interest. The suit was upon a promissory note and was for the full amount of the principal and interest apparently due thereon, and the effect of this admission by the defendant was to eliminate from the case every issue which may have been previously raised by her pleas, except the one made by the plea of tender. Therefore, as against the defendant, it was not erroneous for the court, in its charge, to submit that issue alone to the jury.

*Judgment on main bill of exceptions reversed; on cross-bill affirmed. All the Justices concurring, except Cobb, J., absent.*