## TERRY *v.* KEIM *et al.*

Before equity will decree specific performance of a contract for the sale of land, there must be an absolute and unconditional tender of the purchase-price. An offer to pay the purchase-price on delivery of a properly executed deed is not an unconditional tender.

Submitted December 17, 1904.— Decided January 30, 1905.

Petition for specific performance. Before Judge Reagan. Irwin superior court. March term, 1904.

*Haygood & Cutts* and *B. B. Cheney,* for plaintiff, cited *Ga. R.* 5/172; 74/581; 97/567; Waterman on Spec. Per. § 446.

*E. W. Ryman,* for defendants.

Evans, J. Terry brought suit against John Fry and Louis and M. C. Keim, to compel the specific performance of a contract of purchase of certain land. The defendant Fry was a non-resident, and service was not made upon him; and at the trial the plaintiff abandoned his case as to him. The plaintiff submitted evidence tending to establish the following facts: John Fry, a resident of Charlottesville, Indiana, was the owner of the premises described in the declaration, and contracted to sell them to plaintiff for $150. The contract was made by correspondence, the beginning of which was a letter from Terry to Fry, offering

to buy the land for $150. Fry accepted this offer, and instructed Terry to send check to a certain bank, and that as soon as he (Fry) found out the draft was in the bank, he would send a deed in proper form. Fry then sent a deed, with draft for purchase-money attached, to First National Bank of Fitzgerald. Plaintiff declined to pay the draft, because the deed was attested by only one witness, and wrote Fry to have the deed executed before two witnesses and to return it and he would pay the draft. Fry declined to do this, and afterwards sold the land to M. C. Keim. At the time of Keim's purchase, he had knowledge of plaintiff's contract of sale. The property was vacant, and the plaintiff took possession of it. He has ever been willing to pay the purchase-money on receipt of properly executed deed. On the trial of the case, after the plaintiff had submitted his evidence, he tendered the full amount of the purchase-money to the defendant Keim. On motion of the defendant the court granted a nonsuit, and the bill of exceptions assigns error on the judgment of nonsuit. The court held that the tender of the purchase-money was conditional, in that it was coupled with a demand for a deed executed before two witnesses; that to entitle the plaintiff to specific performance of the contract of sale, it was necessary for him to show, prior to the institution of the suit, an unconditional and absolute tender of the purchase-money. In thus holding, the trial judge followed the cases wherein this precise question has been adjudicated by this court. In *Cothran* v. *Scanlan*, 34 *Ga.* 555, it was held that a bill for the specific performance of a contract for the purchase of land was demurrable where there was no allegation of an unconditional and absolute tender of the purchase-price. In that case the allegation of tender was that it was "upon condition that said Cothran and Black would then and there make titles," etc. This case has been cited and the principle therein announced has been approved in *DeGraffenreid* v. *Menard*, 103 *Ga.* 651, and again in *Elder* v. *Johnson* 115 *Ga.* 692, and *Morris* v. *Insurance Co.*, 116 *Ga.* 53. The principle of law impelling the court to grant the nonsuit is clearly defined in the cases cited, and the judgment of nonsuit was right.

*Judgment affirmed. All the Justices concur.*