*M. C. Edwards,* contra.

---

## MARTIN & SMITH *v.* THOMPSON, administratrix.

ATKINSON, J. 1. An assignment of error upon a refusal to allow an amendment to the petition will not be considered by the Supreme Court where the rejected amendment is not embodied in the bill of exceptions or attached thereto and properly identified by the judge as an exhibit. *Ponder* v. *Quitman Ginnery,* 122 *Ga.* 29 (49 S. E. 746); *McGarry* v. *Seiz,* 129 *Ga.* 296 (58 S. E. 856).

2. Before equity will decree specific performance of a contract for the sale of land, at the instance of the purchaser, there must, in the absence of waiver, be an unconditional tender of the purchase-price. An offer to pay the purchase-price on delivery of a properly executed deed is not an unconditional tender. *Terry* v. *Keim,* 122 *Ga.* 43 (49 S. E. 736). See also *DeGraffenreid* v. *Menard,* 103 *Ga.* 651 (30 S. E. 560); *Elder* v. *Johnson,* 115 *Ga.* 691 (42 S. E. 51); *Grace* v. *Means,* 129 *Ga.* 638 (59 S. E. 811).

3. Where such an offer is made to the temporary administratrix of a deceased obligor, and in declining the offer the temporary administratrix states to the purchaser that the heirs are dissatisfied with the sale, and that she will not make a deed until made so to do by the court, such statements do not dispense with the necessity of a lawful tender of the purchase-price before the institution of a suit for specific performance of the contract.

4. There was no evidence of lawful tender of the alleged purchase-price, or of waiver of tender; and the court properly granted a nonsuit.

*Judgment affirmed. All the Justices concur.*

NOVEMBER 14, 1913.

Petition for specific performance. Before Judge Thomas. Berrien superior court. September 29, 1912.

*Hendricks & Christian* and *J. J. Murray,* for plaintiffs.

*E. K. Wilcox* and *Knight, Chastain & Gaskins,* for defendant.