## 5395. KENNEDY *et al. v.* SMITH.

WADE, J. 1. Where the evidence was conflicting as to whether a vendor concealed or disclosed to the vendee the existence of an incumbrance on lands sold under a bond for title, the finding of the jury to the effect that no false representation had been made, but the fact and the extent of the incumbrance had been revealed by the vendor, will not be disturbed.

2. Where the maker of promissory notes, given for the purchase of land, holds the land in undisturbed possession under a bond from the vendor, obligating the latter to make a good and sufficient title to the land on payment of the notes, he can not rescind the contract of purchase or defeat the collection of the notes upon the ground that the title to the land is incumbered, without also proving fraud on the part of the vendor, or that he is insolvent, or a non-resident, or other facts which would authorize equitable interference with the contract. *Black* v. *Walker,* 98 *Ga.* 31 (26 S. E. 477); *Sanderlin* v. *Willis,* 98 *Ga.* 278 (25 S. E. 437); *McLaren* v. *Irvin,* 63 *Ga.* 275; *O'Neal* v. *Miller,* 9 *Ga. App.* 180.

3. When a mortgage executed by a vendor is unsatisfied and outstanding against land sold by him under bond for title, an actual sale of the land under a foreclosure of the mortgage would be an eviction at law (*Martin* v. *Atkinson,* 7 *Ga.* 228 [2] (50 Am. Dec. 403); but the mere existence of a mortgage covering the land, where no false representation is proved and no other element of fraud appears, will not defeat collection of unpaid purchase-money, or authorize a rescission of the contract of purchase and a recovery of purchase-money already paid, especially where the vendee is in undisturbed possession of the property and it does not appear that the vendor is insolvent, or that the outstanding mortgage is an actual menace to his quiet enjoyment of the premises. Even the existence of paramount outstanding title in a third person will not authorize the rescission of a contract of purchase, with the consequent incidentals, unless equitable circumstances exist; a minori, where no equitable reason exists and where there is only a partial outstanding incumbrance. *Clarke* v. *Cleghorn,* 6 *Ga.* 220; *O'Neal* v. *Miller,* 9 *Ga. App.* 180 (70 S. E. 971).

4. The evidence was sufficient to sustain the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Roan, J., absent.*

DECIDED JUNE 22, 1914.

Complaint; from city court of Reidsville—Judge Collins. October 24, 1913.

*Twiggs & Gazan,* for plaintiffs in error.