13281.   REEVES *v.* LASSETER, for use, etc.

STEPHENS, J. 1. Since the maker of a promissory note given for the purchase-money of land of which he is in undisturbed possession must, when defending against a suit thereon upon the ground that the payee, who is the plaintiff, has no title to the land, but that the title is in another person, under whom the plaintiff holds under a bond for title, prove fraud upon the part of the plaintiff, or that he is insolvent or a non-resident, or other facts authorizing equitable interference, it was not error to strike the defendant's plea, which sought to defend upon the ground that the plaintiff did not have title to the land, of which the defendant was presumably in undisturbed possession, but which failed to allege any fact as above indicated which would set up a legal defense. *Black* v. *Walker,* 98 *Ga.* 31 (26 S. E. 477) ; *Kennedy* v. *Smith,* 14 *Ga. App.* 644 (82 S. E. 155). An allegation that, should the plaintiff be forced to pay certain notes claimed to be due by him to the holder of the legal title as purchase-money, the plaintiff's solvency "will be so impaired" that the defendant will be forced to pay other notes due by the plaintiff as purchase-money on the land, is not a sufficient allegation of insolvency to meet the requirements above laid down as a defense.

2. The payee named in the note is, when bringing suit, the plaintiff, although as plaintiff he sues for the use of another.

3. The plaintiff in a suit on a promissory note, who is the payee thereof, and who, prior to instituting the suit, had, as holder, given to the defendant the notice of his intention to bring suit, as a prerequisite to obtaining a judgment including attorney's fees, was, at the time of the giving such notice, presumably the holder of the note.

4. Where in such a suit the defendant nowhere denied that the plaintiff, at the time of giving such notice, was the holder of the note, and where the execution of the note was not denied and the other defenses set up by the defendant had been stricken on demurrer, the court did not err in entering up a judgment on the note for the plaintiff, including the attorney's fees contracted for therein.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 9, 1923.

Complaint; from city court of Carrollton — Judge Hood. December 13, 1921.

*Griffith & Matthews, Edwards & Edwards,* for plaintiff in error.

*S. Holderness, Willis Smith, Boykin & Boykin,* contra.