ROBERTS *v.* MAYER.

BELL, Justice. 1. In a suit by the purchaser for specific performance of a contract for the sale of land, it should be made to appear that before institution of the action the plaintiff had paid or tendered the purchase-money according to the contract, or that such had been waived by the defendant. *Terry* v. *Keim*, 122 *Ga.* 43 (49 S. E. 736).

2. In the instant case the alleged contract obligated the purchaser to pay the "commission for consummating this sale;" and according to the plaintiff's own version of the contract as shown by the petition and the amendment, this agreement inured to the defendant as a part of the "total price," and was not a separate promise merely in favor of the real estate agents. The sum alleged by the plaintiff to be due by her as commission was not paid or tendered to any one before institution of the action, nor was a waiver thereof shown. Accordingly, whether the petition be considered alone or in connection with the amendment, it did not state a cause of action for specific performance. *Martin* v. *Thompson*, 141 *Ga.* 31 (3) (80 S. E. 318); *Cobbs Land Co.* v. *Colonial Hill Co.,* 157 *Ga.* 236 (2) (121 S. E. 395).

3. It has been held that "tender by the vendee before suit is excused if the vendor, by conduct or declaration. proclaims that, if a tender should

be made, acceptance would be refused." *Fraser* v. *Jarrett*, 153 *Ga.* 441 (3) (112 S. E. 487); *Chastain* v. *Platt*, 166 *Ga.* 307 (3) (143 S. E. 378). Neither the petition nor the amendment contained sufficient allegations to render this rule applicable. *Martin* v. *Thompson*, supra.

4. Under the foregoing rulings, the petition was subject to general demurrer, and the defects therein would not have been cured by the amendment. The court did not err in disallowing the amendment in its entirety, or in dismissing the action. The judgment being correct for the reasons stated, no decision is necessary and none is made upon the other questions· argued in the briefs.

*Judgment affirmed. All the Justices concur.*

No. 13471. FEBRUARY 13, 1941.

*Swift Tyler* and *W. E. Armistead,* for plaintiff.
*G. N. Bynum,* for defendant.