1. In a suit by the purchaser for specific performance of a contract for the sale of land, it should be made to appear that before institution of the action the plaintiff had paid or tendered the purchase-money according to the contract, or that such had been waived by the defendant. Terry v. Keim, 122 Ga. 43 (49 S.E. 736).
2. In the instant case the alleged contract obligated the purchaser to pay the "commission for consummating this sale;" and according to the plaintiff's own version of the contract as shown by the petition and the amendment, this agreement inured to the defendant as a part of the "total price," and was not a separate promise merely in favor of the real estate agents. The sum alleged by the plaintiff to be due by her as commission was not paid or tendered to any one before institution of the action, nor was a waiver thereof shown. Accordingly, whether the petition be considered alone or in connection with the amendment, it did not state a cause of action for specific performance. Martin v. Thompson, 141 Ga. 31 (3) (80 S.E. 318); Cobbs Land Co. v. Colonial Hill Co., 157 Ga. 236 (2) (121 S.E. 395).
3. It has been held that "tender by the vendee before suit is excused if the vendor, by conduct or declaration, proclaims that, if a tender should *Page 589 
be made, acceptance would be refused." Fraser v. Jarrett, 153 Ga. 441 (3) (112 S.E. 487); Chastain v. Platt, 166 Ga. 307 (3) (143 S.E. 378). Neither the petition nor the amendment contained sufficient allegations to render this rule applicable. Martin v. Thompson, supra.
4. Under the foregoing rulings, the petition was subject to general demurrer, and the defects therein would not have been cured by the amendment. The court did not err in disallowing the amendment in its entirety, or in dismissing the action. The judgment being correct for the reasons stated, no decision is necessary and none is made upon the other questions argued in the briefs.
Judgment affirmed. All the Justicesconcur.
 No. 13471. FEBRUARY 13, 1941.
Mrs. Evelyn Roberts filed a suit against Mrs. G. M. Mayer, seeking specific performance to compel the defendant to convey to the plaintiff a described tract of land in accordance with an alleged contract of sale between them. The defendant filed a general and special demurrer. Before any ruling was made thereon, the plaintiff offered an amendment for the purpose of meeting certain grounds of the demurrer. The court disallowed the amendment, and thereafter sustained the demurrer and dismissed the action. The plaintiff excepted.
As an exhibit to the petition, the plaintiff set forth a copy of the alleged contract of purchase and sale, which appeared to have been signed by both the parties. The contract recited that Mrs. Roberts agreed to purchase from Mrs. Mayer through "Williams Bone Agents," the property known as 1280 Highland Avenue in the City of Atlanta, more fully described in the contract." The agreed purchase-price was stated as $5168.75, to be paid as follows: "1. Purchaser agrees to assume loan in the sum of $3918.75, payable as follows: On February 1st and August 1st a reduction on the principal payment of $118.75 plus 5 1/2% interest on the unpaid balance of said loan — said loan being dated July 1, 1936, and maturing at the expiration of ten years, or July 1, 1946. 2. Balance of $1000 to be paid in cash." The contract further provided: "Commission for consummating this sale to be paid by buyer.
The petition also alleged: After having the title examined, the plaintiff endeavored to get the defendant to meet her at the office of Williams Bone in the City of Decatur, to complete the sale in accordance with the agreement, but the defendant failed and *Page 590 
refused to carry out the terms of said contract, and still fails and refuses to do so. Petitioner is able, ready, and willing to perform the contract on her part, has tendered, now tenders and continues to tender the sum of $1000 in cash according to the terms thereof. The proffered amendment was as follows:
"1. By adding, after the second paragraph of plaintiff's petition, a subparagraph to be numbered 2A, the following: that the loan referred to above was payable to Cheeves-Green Enterprises, a Georgia corporation, and was a loan deed given for the sum of $4750, and which at the date of the contract of purchase had been reduced to the sum of three thousand nine hundred eighteen dollars and seventy-five cents ($3918.75) as stipulated in the said contract; that the loan deed was transferred by Cheeves-Green Enterprises to the National Life 
Accident Insurance Company, on July 1st, 1936, for the expressed consideration of ten ($10) dollars and other valuable consideration, the said transfer being recorded in deed book 1518 at page 535, and was filed July 15th, 1936, and recorded July 21st, 1936: that the original loan deed was recorded in book 1621 at page 23, after being filed for record on July 10th, 1936, and was recorded on July 21st, 1936. That the description in both the loan and in the contract made with your petitioner by the defendant is the same, except that in the contract made with petitioner the property was described as No. 1280 Highland Avenue, whereas in the loan deed it is described as property known as 1308 (formerly 1280) Highland Avenue.
"2. Petitioner amends paragraph 9 of her petition by adding the following: After the word contract in the last line of said paragraph, that it was understood and agreed by the parties to this contract, your petitioner and the defendant, that the sum of one thousand ($1000) dollars to be paid to the defendant herein, and at the time of closing the trade, the additional sum of two hundred fifty ($250) dollars was to be paid by the plaintiff to the real-estate agents, Williams Bone, Decatur, Georgia, for consummating the sale of said property, and which said two hundred fifty ($250) dollars and the loan assumed of three thousand nine hundred eighteen dollars and seventy-five cents ($3918.75) together with the one thousand ($1000) dollar cash payment to the defendant, made the total price to be paid five thousand one hundred sixty-eight dollars and seventy-five cents ($5168.75). *Page 591 
"3. Petitioner amends the 11th paragraph of her petition by adding after the last word of said paragraph the following: That upon receiving the accepted contract between the parties your petitioner sold her home and was compelled to surrender same to the purchaser, and did, relying upon the contract with defendant and with the expectation of obtaining possession of the property purchased by her and which she expected to use as a home, move out of her residence and is now without a permanent residence. However, defendant refuses to carry out her contract, and plaintiff has been forced to make temporary arrangements at additional costs, in consequence of the failure and refusal of the defendant, Mrs. G. M. Mayer, to carry out her contract of sale and to deliver the property to plaintiff.
"4. Plaintiff amends the 12th paragraph of her petition by adding after the last word the following: That petitioner is willing, able, and ready to perform and carry out all of the terms of the said contract in every way, and is ready to pay the cash payment to defendant of one thousand ($1000) dollars, and the payment of the commission to the firm of Williams Bone of two hundred fifty ($250) dollars, and to assume the balance of the loan as stipulated in the contract, and now offers to do so and tenders into the court the said sum of one thousand ($1000) to be paid to the defendant, and the further sum of two hundred fifty ($250) dollars to be paid as commission to Williams Bone, for consummating the sale of said property, and to do all necessary things to be done to comply with the said contract in every detail and in good faith."