1. A suit for specific performance of an alleged parol contract of purchase of land, which admits a balance due on the purchase-price thereof, and which contains no sufficient tender of the said balance, and sets forth no valid reason why a tender is not made, should have been dismissed on general demurrer, regardless of other questions in the case. Terry
v. Keim, 122 Ga. 43 (49 S.E. 736); Pope v. Thompson, 157 Ga. 891 (122 S.E. 604); Roberts v. Mayer, 191 Ga. 588
(13 S.E.2d 382).
2. The rulings of the trial judge on other questions raised by demurrer are not here decided, and are not to have the effect of res judicata, or estoppel by judgment, should they again arise in a case between the same parties.
Judgment reversed. All the Justicesconcur.
 No. 14007. FEBRUARY 11, 1942.
Mrs. E. L. Carter filed her petition against Mrs. Anna Belle Mebane and T. H. Mebane, praying for specific performance of an alleged parol contract between petitioner and the defendants for the purchase by petitioner from the defendants, at a stated price, of described realty in Fulton County, alleging, that the terms of the contract were that she was to move to and take possession of the property and pay $20 monthly for one year, with the privilege of renewing the contract for another year, with the understanding *Page 468 
that any time within said period petitioner would have the right to consummate said purchase at the price stated; that it was understood by all parties that the contract would be at once reduced to writing, "the defendants agreeing to have said written contract prepared and submitted to petitioner for acceptance and signature, but same has not been done by defendants as they agreed to do," that petitioner, since moving to and taking possession of the property, has made the monthly payments of $20, now aggregating $320, and made improvements on the property, all pursuant to and in performance of the alleged contract; that she is now ready and willing to purchase the property at the price so agreed on; that "there is now due defendants by her the sum of two hundred and eighty dollars on said contract, which amount she is ready, willing, and able to pay at or before the expiration of the term of said contract and agreement, to wit, on the 28th day of February, 1942, and upon the making by defendants, each or both of them, of a good and sufficient title to said property." She prayed, besides specific performance, that the defendants be enjoined from disposing of the property or in any way changing the status of the title. The defendants demurred to the petition, on the grounds: (a) that no cause of action is set out; (b) no matter or thing of equity or equitable jurisdiction is shown; and (c) that the petition shows on its face that the contract was for a period of two years, was not in writing, and was utterly void as contrary to law. This demurrer was overruled, and the defendants excepted.