## GILLELAND v. WELCH.

JENKINS, Presiding Justice. 1. "While evidence is inadmissible to add to, take from, or vary a written contract, all the attendant circumstances may be proved; and if there is an ambiguity, latent or patent, it may be explained." *Tolbert* v. *Short*, 150 *Ga.* 413 (2) (104 S. E. 245). This does not mean, however, that a written contract, complete on its face and unambiguous, can be altered by parol, except by showing fraud, accident, or mistake by which the complaining party was induced to sign the agreement, or by which the contract failed to speak the true understanding. *Slaten* v. *College Park Cemetery Co.*, 185 *Ga.* 27, 31 (193 S. E. 872); *Holloway* v. *Brown*, 171 *Ga.* 481, 483 (155 S. E. 917); *Roberts* v. *Investors Savings Co.*, 154 *Ga.* 45 (4, 5) (113 S. E. 398); *Rheney* v. *Anderson*, 22 *Ga. App.* 417 (96 S. E. 217). Accordingly, a written contract in which the vendor agreed to sell a designated parcel of land for a named purchase-price, of which a specified sum was to be paid in cash, a designated loan was to be assumed, and the remainder was to be paid on a named day about three months thereafter, and the vendor agreed to "convey a good and sufficient conveyance to the said purchaser," and the written offer was accepted in writing by the vendee, constituted a valid, complete, and unambiguous agreement requiring payment by the vendee, in the manner agreed, of the full purchase-price, and his assumption of the specified loan before title should be made. In accordance with the rule above stated, such an agreement can not be varied or added to by parol in order to support an allegation that, upon the signing of the contract, the vendor directed his attorney to draw the necessary papers, and that it was verbally agreed that the papers would be signed the next day, and that the vendor would then receive from the vendee the amount then payable, and that the vendor would make to the vendee a warranty deed to the land on that day, and that the vendee would execute to the vendor a note and security deed for the balance of the purchase-price and assume in writing the previous outstanding loan.

2. Construing the contract as set forth in the previous division of the syllabus, upon the alleged anticipatory breach of the agreement by the vendor, the vendee had the option of two remedies, either of which he might resort to: (1) to accept the anticipatory breach as tendered and sue at once for damages; or (2) to treat the contract as remaining in force for the purpose for which it was made, until the time set for its performance, and then sue for specific performance. *Smith* v. *Georgia Loan &c. Banking Co.*, 113 *Ga.* 975, 977 (39 S. E. 410); *Anderson* v. *Kirby*, 125 *Ga.* 62, 67 (54 S. E. 197, 114 Am. St. R. 185, 5 Ann. Cas. 103); *Ford* v. *Lawson*, 133 *Ga.* 237 (5), 245 (65 S. E. 444); *Phosphate Mining Co.* v. *Atlanta Oil & Fertilizer Co.*, 20 *Ga. App.* 660 (93 S. E. 532). See also *Roberts* v. *Mayer*, 191 *Ga.* 588 (13 S. E. 2d, 382).

3. In the instant case, the plaintiff vendee chose not to treat the contract as ended and sue the vendor for damages on account of its breach, but to treat it as remaining in force and sue thereon for specific performance. Under the exercise of this option, the suit was premature in

that the vendee failed to await the time for its performance. *Crosby* v. *Georgia Realty Co.*, 138 *Ga.* 746 (76 S. E. 38); *Ford* v. *Lawson*, supra. The suit was also defective in failing to make a tender of the purchase-price other than the initial payment provided for by the agreement. It is the rule that, "Before equity will decree specific performance of a contract for the sale of land, at the instance of the purchaser, there must, in the absence of waiver, be an unconditional tender of the purchase-price." *Martin* v. *Thompson*, 141 *Ga.* 31 (2) (80 S. E. 318); *Cobbs Land Co.* v. *Colonial Hill Co.*, 157 *Ga.* 236 (2), 254 (121 S. E. 395); *Smith* v. *Tatum*, 140 *Ga.* 719 (2) (79 S. E. 775); *Pearson* v. *Courson*, 129 *Ga.* 656 (2) (59 S. E. 907). It has been held that when a suit for specific performance is instituted *at the time set for full performance under the agreement*, and "the vendor by declaration or conduct proclaims that if a tender should be made its acceptance would be refused," the rule requiring a lawful tender of the purchase-money prior to the institution of the suit for specific performance will be taken as complied with where the petition shows "an offer to pay the amount due or which may be found to be due by the decree of the court, without actually producing the money and paying it into court." *Miller* v. *Watson*, 139 *Ga.* 29 (2), 33 (76 S. E. 585). This does not mean, however, that the prerequisite has been met as to a tender where, as here, the time set for performance of the contract has not arrived, and the petitioner makes no present offer to pay the entire purchase-price, but merely states in effect that he tenders that portion of the purchase-price already due and stands ready, able, and willing to pay the remainder when it shall have become due. See *Martin* v. *Thompson*, supra; *Black* v. *Maddox*, 104 *Ga.* 157 (2) (30 S. E. 723).

4. The trial judge did not err in dismissing on general demurrer the petition as amended.

*Judgment affirmed. Bell, C. J., Duckworth, Atkinson, and Wyatt, JJ., concur.*

No. 15176. JUNE 5, 1945.

344

*W. L. Nix,* for plaintiff.

*Marvin A. Allison, A. G. Liles,* and *Charles C. Pittard,* for defendant.