WASHINGTON MANUFACTURING CO. *v.* WICKERSHAM.

No. 15608.   OCTOBER 9, 1947.   REHEARING DENIED NOVEMBER 16, 1946.

636

*Carroll D. Colley* and *W. A. Slaton,* for plaintiff in error.
*Clement E. Sutton* and *Miles W. Lewis,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) In a suit by a purchaser for specific performance of a contract for the sale of land, it should be made to appear that before institution of the action the plaintiff had paid or tendered the purchase-money according to the contract, or that tender had been waived by the defendant. *Robert* v. *Mayer,* 191 *Ga.* 588 (1) (13 S. E. 2d, 382).

"He who would have equity must do equity, and give effect to all equitable rights of the other party respecting the subject-matter of the suit." Code, § 37-104. "One seeking relief from excessive tax levies, but admitting, either expressly or by necessary implication, that he owes part of the tax covered by such executions, must pay or offer to pay the amount of the taxes admitted to be due, in order to obtain the relief sought." *Clisby* v. *Macon,* 191 *Ga.* 749 (2) (13 S. E. 2d, 772), and cases cited.

By analogy, the plaintiff, before the present suit for specific performance was instituted, should at least have paid or tendered the amount of the purchase-price admitted to be due, and the language contained in count two of the original petition, "that as evidence of his good faith and readiness and ability to carry out his part of said contract, and to stop the running of interest on any balance that might be due, your petitioner pays into the treasury

of the court as a continuing tender the sum of $10,000 in cash, which he believes is the full amount of the balance due on said contract," did not amount to an allegation that the $10,000 admitted to be due had been paid or tendered before institution of the suit for specific performance. Count one of the original petition did not make any reference to a tender, and the failure to allege a tender of any amount before filing the suit was not aided by the language contained in amendments to both counts, to the effect that the plaintiff as evidence of his ability, readiness, and willingness to carry out all the terms of the contract, has paid into the treasury of the court as a continuing tender the sum of $10,-000, which is in addition to the cash payment of $10,000 already made to the defendant, and is able, ready, and willing to pay and tender into court for the defendant any other sum or sums he may be required to deposit, and to execute and tender a note in form and amount required by the court to cover any deferred payment or payments found to be due. The petition as amended fails to show that the $10,000 admitted to be due was paid or tendered before the suit was filed, and therefore was subject to demurrer on that ground.

As pointed out in *Miller* v. *Minhinnette,* 185 *Ga.* 490, 494 (195 S. E. 425), it is only when there is a deficiency in the quantity of land sold that it becomes material under the Code, § 29-201, to inquire whether or not it was a sale by the tract. In the present case there is no complaint that there is any shortage in quantity. Instead the petition asserts that the defendant is unable to convey title to two tracts of land included within the plaintiff's purchase, on account of the title thereto being in another. In such a case the applicable principle is that contained in the Code, § 29-202, to wit: "If the purchaser loses part of the land from defect of title, he may claim either a rescission of the entire contract, or a reduction of the price according to the relative value of the land so lost." Under the foregoing ruling, the petition was not subject to demurrer on the ground that no facts were alleged which would authorize a decree for an abatement in the purchase-price of the property.

"Specific performance of a contract (if within the power of the party) will be decreed, generally, whenever the damages recoverable at law would not be an adequate compensation for the non-performance." § 37-801.

This is not a suit for specific performance of a parol contract for the sale of land, and therefore the provisions of the Code, § 37-802, as to specific performance in the event of partial payment of the purchase-price accompanied with possession, are not applicable.

The description of the realty, contained in the written contract, that the defendant agrees to convey "all land, buildings, and machinery located on property on west side of Georgia Railroad. tracks in City of Washington, Georgia," standing alone, was too indefinite to authorize a decree for specific performance. *Martin* v. *Oakhurst Development Corp.,* 197 *Ga.* 288 (1) (29 S. E. 2d, 179), and citations.

The only allegations in the petition as amended in reference to accident and mistake were as follows: By accident or mutual mistake of the parties the agreed purchase-price of the property was erroneously stated as $25,000 instead of $35,000, and the contract failed to recite the payment of $10,000, made when it was signed. The only prayer on the question of reformation was: That the contract be reformed so as to speak the truth and to show the consideration of such contract as $35,000, and the cash payment, made at the time said contract was signed, as $10,000. Construing the allegations of the petition most strongly against the pleader, as must be done on demurrer, the allegations and prayers, insofar as the indefinite description of the property was concerned, were insufficient to form the basis for a reformation of the written contract. The petition did not purport to identify any land that was agreed upon after execution of the written contract. Consequently the case comes within the principle stated in *Clayton* v. *Newberry,* 138 *Ga.* 735 (76 S. E. 63), that "Specific performance of a contract for the sale of land will not be decreed unless the land which is the subject-matter of the alleged sale is clearly identified in the contract." See, in this connection, *Wardlaw* v. *Wardlaw,* 182 *Ga.* 209, 211 (184 S. E. 873), where, as here, the language dealt with differed from cases in which the descriptive words furnished a key by which the description could be applied by extrinsic evidence. Since the present suit is based on the written contract, containing a description that was too indefinite to authorize a decree for specific performance, the petition as a whole

was subject to demurrer on the ground that no facts were alleged which would authorize the grant of specific performance.

In the absence of a key to the description of the land ·in the written contract, and of any appropriate· allegations or prayers seeking to reform the contract so as to make the description sufficient, parol evidence would not be admissible for the purpose of adding to the description contained in the written contract. There-fore the allegations of the petition as amended, to the effect that during negotiations leading up to the written contract a representative of the defendant corporation pointed out the property intended to be conveyed, were subject to demurrer on the ground that such prior negotiations became merged in the written contract.

The allegations of the petition as amended, to the effect that after execution of the written contract a representative of the defendant corporation requested the plaintiff to delay further settlement until the defendant could procure title to the real estate owned by the railroad companies, and suggested that the plaintiff accept a parcel of land lying on the east side of the railroad tracks in lieu of the property to which the defendant could not make title, were subject to demurrer on the ground that the conversations and transactions were negotiations in an effort to compromise a dispute between the parties, and would be inadmissible to affect the rights of the parties. In *Georgia Ry. & Electric Co.* v. *Wallace,* 122 *Ga.* 547, 550 (50 S. E. 478), this court said: "It costs time, trouble, and money to defend even an unfounded claim. Parties have a right to purchase their peace. The fact that they have entered into negotiations to secure that end, and admissions or propositions made with the view to a compromise, are not admissible in evidence for or against either litigant, in the event there is a failure to adjust and a suit follows." The above ruling was followed in *Duncan* v. *Bailey,* 162 *Ga.* 457 (134 S. E. .87), where the admission in evidence of negotiations, to the effect that the defendant admitted there was a mistake about the land he had shown the plaintiff and that he was willing to adjust it on some terms but that a third person would not sell at any price, was held to be erroneous.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*