HIGDON *et al. v.* DIXON.

No.15953.   OCTOBER 17, 1947.
ADHERED TO ON REHEARING NOVEMBER 14, 1947.

*Joseph G. Collins* and *C. H. Edwards,* for plaintiffs.

*Joe K. Telford* and *Wheeler, Robinson & Thurmond,* for defendant.

HEAD, Justice. (After stating the foregoing facts.) ■ "A demurrer denies the right to the relief sought, in whole or in part, admitting all properly pleaded allegations of the petition to be true." Code, § 81-304. Only properly pleaded allegations are considered as true in passing upon the demurrer. *Smith* v. *McWhorter,* 173 *Ga.* 255 (160 S. E. 250) ; *City of Albany* v. *Lippitt,* 191 *Ga.* 756, 759 (13 S. E. 2d, 807). Where no special demurrer is filed, all allegations must be treated as well pleaded except those which are clearly conclusions of the pleader. *Citizens & So. Nat. Bank* v. *King,* 184 *Ga.* 238, 247 (190 S. E. 857). A pleading that sets forth a cause of action for any of the relief prayed will not be dismissed on general demurrer. *Bazemore* v. *Savannah Hospital,* 171 *Ga.* 257 (155 S. E. 194) ; *Johnson* v. *Key,* 173 *Ga.* 586 (160 S. E. 794) ; *O'Neal* v. *O'Neal,* 176 *Ga.* 419 (4) (168 S. E. 262) ; *Sutton* v. *Adams,* 180 *Ga.* 48 (1) (178 S. E. 365).

Tested by the foregoing rules, the response of Mrs. Dixon, in the nature of a cross-action, for specific performance of an oral contract for the sale of the seven-eighths interest of Mrs. Mozelle Higdon, Mrs. Henrietta King, and Mrs. Jessie Crespo, in the lands described, alleged a cause of action. The demurrer of the plaintiffs in error attacked the petition as falling within the statute of frauds. "Any contract for sale of lands, or any interest in, or concerning them," to be binding on the promisor, must be in writing, signed by the person to be charged therewith, or some person by him lawfully authorized. Code, § 20-401 (4). This section does not apply "where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance." § 20-402 (3) ; *Baxley Hardware Co.* v. *Morris,* 165 *Ga.* 359 (140 S. E. 869). "The specific performance of a parol contract as to land shall be decreed, if the defendant admits the contract, or if it be so far executed by the party seeking relief, and at the instance or by the inducements of the other party, that if the contract shall be abandoned he cannot be restored to his former position. Full payment alone accepted by the vendor, or partial payment accompanied with possession, or possession alone with

valuable improvements, if clearly proved in each case to be done with reference to the parol contract, shall be sufficient part performance to justify a decree." Code, § 37-802.

Construing the properly pleaded allegations of the response as true on demurrer, and most strongly against the pleader, the defendant's possession was by virtue of a contract of sale, and improvements of the property were made with the knowledge and approval of the plaintiffs, and in connection with the contract of sale, and such possession and improvements are sufficient to remove the cause from the prohibition of the Code, § 20-401 (4), and to bring it within the provisions of § 20-402 (3). *Vickers* v. *Robinson,* 157 *Ga.* 732 (6) (122 S. E. 405).

The plaintiffs in error insist that their demurrer should have been sustained because the defendant did not allege the value of the premises, and cite *Coleman* v. *Woodland Hills Co.,* 196 *Ga.* 626 (27 S. E. 2d, 226). In the *Coleman* case the plaintiff, a transferee of a contract of sale, failed to allege the value of the premises so as to "enable the court to determine that the contract was fair, just, and not against good conscience," and it was held that no right to the relief sought was set forth. In the *Coleman* case it appears that the court was not given any information as to the value of the property, nor any facts from which the value could have been determined by the court. In the present case the property is a residence in the Town of Cleveland. The plaintiffs in their petition to recover the property alleged a rental value of the premises, which, on an annual basis, would amount to $180, or six percent on $3000. The alleged contract of sale being for a price of $3250, the trial court may have determined that the rental value alleged reflected the actual value, and that the contract was therefore fair and just. Rental value of improved property is a fact or basis which may properly be used in determining actual value. *Johns* v. *Nix,* 196 *Ga.* 418 (3) (26 S. E. 2d, 526). The rule stated in the *Coleman* case will not be extended and given application here, where facts are alleged from which the value of the premises could be determined by the court.

The demurrer attacked the petition on the ground that no sufficient tender was alleged. The amendment supplied this allegation, if it was not alleged with certainty in the petition. In any event, repudiation of the contract by the plaintiffs was al-

leged, and allegations of continuing tender were not necessary. *Black* v. *Milner Hotels,* 194 *Ga.* 832 (4) (22 S. E. 2d, 780); *Irvin* v. *Locke,* 200 *Ga.* 675 (38 S. E. 2d, 289). Other grounds of the demurrer are not argued in the brief of counsel, but the brief contains a statement that they are insisted upon. They have been examined, and are without merit.

■ Grounds of the amended motion for new trial, (1) that no valid tender .was made by Mrs. Dixon, (2) that there was no evidence of part performance to take the oral contract out of the statute of frauds, and (3) that the oral contract was not proved with clearness and beyond a reasonable doubt, are elaborations of the general grounds, and are dealt with in division 3 of this opinion.

Ground 4 of the amended motion for new trial assigns error on the admission in evidence of a letter from counsel for the defendant in error to the plaintiffs in error as being a self-serving declaration. "Declarations of a person in possession of land are admissible to characterize the possession, as bearing on whether it was permissive or adverse, when that fact is relevant, but not to show the truth of the statements without more." *Causey* v. *White,* 143 *Ga.* 8 (7) (84 S. E. 58); Code, § 38-308; *Copeland* v. *Jordan,* 147 *Ga.* 601 (7) (95 S. E. 13).

Special ground 5 assigns error on the charge to the jury that, should they find from the evidence that the plaintiffs had expressed to Mrs. Dixon their refusal of the purchase-price, then there would be no necessity under the law for Mrs. Dixon to have made a legal tender. The charge is not objected to as being unsound as an abstract principle of law, but it is contended that there was no evidence to support the charge. This contention is clearly without merit.

■ Counsel for the plaintiffs in error insist that this case should be reversed on the general grounds, and quote at length from *Neely* v. *Sheppard,* 185 *Ga.* 771 (196 S. E. 452), and *Hotel Candler* v. *Candler,* 198 *Ga.* 339 (31 S. E. 2d, 693). The cases relied upon by counsel have been carefully examined, and they are so divergent on their facts as not to be in point in this case.

Mrs. Higdon in her testimony contended that she never agreed to sell the property to Mrs. Dixon. The statement in the letter signed by her contradicts her verbal testimony, and the jury was

authorized to believe that she was speaking the truth at the time she signed the letter. Especially is this true since Mrs. Dixon testified positively as to the verbal contract. Mrs. Dixon's testimony fully supports the averments of her petition in every way material to her cause as against Mrs. Higdon, Mrs. King, and Mrs. Crespo, except that her testimony as to tender is uncertain. After testifying that she made a valid tender, she concluded her testimony with the statement that she would not pay the money until she received a deed to the property. It is unnecessary, however, that any ruling be made as to Mrs. Dixon's testimony on the question of tender. The three real principals to the contract with Mrs. Dixon (Mrs. Higdon, Mrs. King, and Mrs. Crespo) repudiated their contract and notified Mrs. Dixon that they would not go through with it, approximately a year before their suit was filed. Such conduct on the part of the plaintiffs relieved Mrs. Dixon of making a valid, legal tender. *Roberts* v. *Mayer,* 191 *Ga.* 588 (3) (13 S. E. 2d, 382); *Gilleland* v. *Welch,* 199 *Ga.* 342 (34 S. E. 2d, 517); *Groover* v. *Brandon,* 200 *Ga.* 153 (36 S. E. 2d, 84).

The finding of the jury that Mrs. Higdon, Mrs. King, and Mrs. Crespo made a contract with Mrs. Dixon is supported by the check given by Mrs. Dixon on February 22, 1945, made payable to Mrs. King, with the notation, "Initial payment on Miller home [the plaintiffs' petition identified the property as the J. M. Miller home] located in Cleveland, Ga."; the letter to Mrs. Dixon, signed by the three plaintiffs and notifying her that they would not complete the sale; the admissions of these plaintiffs in their testimony; and Mrs. Dixon's testimony.

At the time of the alleged contract Mrs. Jarrard was insane and C. C. Jarrard was her guardian. Upon her death in October, 1945 (approximately eight months after the making of the alleged contract), it was the duty of the husband, under the Code, § 49-618, to administer the estate of the wife for whom he was guardian. The uncontradicted evidence of Mrs. Dixon and Jarrard shows that he sold the interest of his wife in the property at public sale, and that it was bid in for his son. While under the law of this State, upon the death of any person having an estate in realty, the realty descends immediately to the heirs at law, it is subject to administration (in this case by the guardian)

for the payment of debts and distribution to the heirs at law. Code, § 113-901. Jarrard never at any time had any interest in the property which he could have conveyed under the terms of the contract as claimed by Mrs. Dixon. The evidence established that he sold his wife's interest in the property at public sale before the present case was filed. The sale of the wife's interest is not attacked, nor does Mrs. Dixon seek to have it vacated or set aside. Consequently the verdict of the jury for specific performance as to C. C. Jarrard is clearly unauthorized.

The trial court properly decreed that Mrs. Dixon might have specific performance of the contract as to Mrs. Higdon, Mrs. King, and Mrs. Crespo. See Code, § 37-806. The judgment in favor of Mrs. Dixon against the three parties named is affirmed on condition that Mrs. Dixon file a written acceptance (accompanied by proper proportionate payment) of the judgment and decree in her favor against Mrs. Higdon, Mrs. King, and Mrs. Crespo, on or before the time when the remittitur from this court is made the judgment of the trial court. If such written acceptance is not filed and payment made as herein directed, the judgment as to the three parties named will stand reversed. The judgment denying the motion for new trial as to C. C. Jarrard is reversed.

*Judgment affirmed in part, on condition, and reversed in part. All the Justices concur, except Duckworth, P. J., and Candler, J., who dissent; and Wyatt, J., who took no part in the consideration or decision of this case.*