## BLAKE *v.* WILLIAMS.

No. 17510.   ARGUED JUNE 12, 1951—DECIDED SEPTEMBER 10, 1951—REHEARING DENIED OCTOBER 11, 1951.

357

*Herbert Johnson, Henry M. Hatcher Jr.,* and *R. R. Rhudy,* for plaintiff.

*Marvin G. Russell* and *Turner Paschal,* for defendant.

HEAD, Justice. █ Counsel for the plaintiff insist in their brief that "the plaintiff sues on a contract fully evidenced by the written memorandum made a part of the petition and on no other contract."

The original petition for specific performance was based solely upon the written contract (attached to and made a part of the

amended petition), and without reference to any other contract in writing or in parol. To this original petition the defendant filed a general demurrer, in which it was urged that "the contract marked Exhibit 'A' is too vague, indefinite, and uncertain in the consideration and terms thereof to constitute a valid written ·contract." This ground of demurrer was sustained by the trial judge, and there was no exception to this ruling.

In *Douglas* v. *Langford,* 206 *Ga.* 864 (59 S. E. 2d, 386), it was held: "Where a general demurrer to a count of a petition is sustained with leave to amend, and the plaintiff does not except to the order but files an amendment, the ruling on general demurrer becomes the law of the case." It follows that in the present case we have a solemn adjudication that the written contract upon which the plaintiff declared is too vague, indefinite, and uncertain to support a decree for specific performance. "Whether that ruling was right or wrong it is the law of the case, and is conclusive upon all parties thereto." *Darling Stores Corp.* v. *Beatus,* 197 *Ga.* 125 (28 S. E. 2d, 124), and cases cited.

The amended petition did not purport to add to the written contract which the trial judge had adjudicated too vague, indefinite, and uncertain to support a decree for specific performance. The amended petition related only oral agreements and negotiations between the parties subsequent to the written contract. In so far as the plaintiff seeks to recover on the written contract, attached to the original and amended petitions as Exhibit "A," he is concluded by the law of the case that such contract is too vague, indefinite, and uncertain to support a decree for specific performance. *Douglas* v. *Langford,* supra; *Darling Stores Corp.* v. *Beatus,* supra.

■ "In a suit by the purchaser for specific performance of a contract for the sale of land, it should be made to appear that before institution of the action the plaintiff had paid or tendered the purchase-money according to the contract, or that such had been waived by the defendant. *Terry* v. *Keim,* 122 *Ga.* 43 (49 S. E. 736)." *Roberts* v. *Mayer,* 191 *Ga.* 588 (13 S. E. 2d, 382); *Gilleland* v. *Welch,* 199 *Ga.* 341 (3) (34 S. E. 2d, 517); *McKown* v. *Heery,* 200 *Ga.* 819, 821 (38 S. E. 2d, 425); *Jolly* v. *Jones,* 201 *Ga.* 532 (40 S. E. 2d, 558); *Washington Manufacturing Co.* v. *Wickersham,* 201 *Ga.* 635, 639 (40 S. E. 2d, 206). Mere refusal

to carry out the contract will not dispense with a proper tender. *Roberts* v. *Mayer*, supra (at page 591). "Tender can not be avoided by a promise to pay, or an assertion in pleadings of a willingness to pay." *Forrester* v. *Lowe*, 192 *Ga.* 469, 474 (15 S. E. 2d, 719). Dissatisfaction with a proposed sale and a statement by the vendor that he "will not make a deed until made so to do by the court" will not dispense with the necessity of a lawful tender before the institution of a suit for specific performance of a contract. *Martin & Smith* v. *Thompson*, 141 *Ga.* 31 (3) (80 S. E. 318). Under the foregoing rules, a lawful tender was not dispensed with prior to the filing of the petition for specific performance by the alleged refusal of the defendant to comply with his contract.

The action of the trial judge in dismissing the amended petition on general demurrer was not error.

*Judgment affirmed. All the Justices concur.*