### 25741. SMITH v. STANDARD OIL COMPANY.

NICHOLS, Justice. Standard Oil Company, a division of Chevron Oil Company, filed a petition seeking to require specific performance of an option contract wherein the defendant had agreed to convey described property upon payment of a designated sum of money. A motion to dismiss for failure to state a claim was filed and overruled by the trial court. A certificate for immediate review was signed by the trial judge and the present appeal filed. The sole question ruled upon by the trial court and argued by the appellant in her brief in this court relates to the sufficiency of the tender made by the plaintiff's agent in exercising the option. The petition alleges that the plaintiff's agent tendered a "check" and that it had on deposit a balance greatly in excess of the amount of the check and that the check would have been honored if it had been presented for payment. It was further alleged that at the time of such tender the defendant rejected it making no objection to the medium of payment but stated that she had changed her mind and was not going through with the transaction because she had decided it would not be best to sell said real estate.

1. The sole question presented by the appellant or passed on by the trial court is whether the facts alleged showed a waiver of tender by the vendor or an affirmative failure to make a proper tender by the vendee. Accordingly, the decision of this court will be limited to the correctness of the decision of the trial court on such issue.

The trial court rendered the following judgment on such issue: "1. The option declared upon provides that 'The purchase price to be paid by the purchaser to the seller for said property shall be the sum of $15,000 in cash on the sealing and delivery of a warranty deed conveying the said property to the purchaser.' While the 'offer of a check in payment is not equivalent to a tender of payment' (Holland v. Mutual Fertilizer Company, 8 Ga. App. 714 (2), it is also the rule that 'Where performance of either condition or promise requires the payment of money, and tender is made of a valid check or of some form of currency which is not legal tender for the purpose, and the tender is rejected without a statement that the ground of objection is the medium of payment, the tender is not thereafter open to that objection, if legal tender could have been obtained and seasonably tendered had objection to medium of tender been stated.' McEachern v. Industrial Life and Health Insurance Co., 51 Ga. App. 422 (2). Code, Section 20-1105; Smith v. Agan, 111 Ga. App. 536, 537 (2); Aggregate Supply Co. v. Sewell, 217 Ga. 407, at p. 413. 2. 'In order to entitle the plaintiff to specific performance of a contract for the purchase of land, the purchaser must make an unconditional tender of the purchase money due; but tender by the vendee before suit is excused if the vendor, by conduct or declaration, proclaims that if a tender should be made, acceptance would be refused.' Fraser v. Jarrett, 153 Ga. 441 (3). Banks v. Harden, 221 Ga. 505, 507. In Banks v. Harden, supra, at page 451, it was also held: 'But tender by the vendee before suit is excused if the vendor, by conduct or declaration, proclaims that, if a tender should be made, acceptance would be refused. Miller v. Watson, 139 Ga. 29, Burckhalter v. Roach, 142 Ga. 344. 3. The petition alleges that at the time the check for $15,000 was tendered, the 'defendant rejected such tender, stating that she had changed her mind and was not going through with the transaction because she had decided it would be best not to sell said real estate.' In Miller v. Watson, 139 Ga. 29, 32, it was held: 'But where the vendor by his declaration or conduct proclaims that if a tender should be made its acceptance would be refused, tender by the vendee before suit is unnecessary. Equity will not require a useless formality. Ansley v. Hightower, 120 Ga. 719; 36 Cyc. 705. So the point is, whether the conduct of the vendor was equiv-

alent to a declaration that he would not accept the tender if it had been made.' See also, Tolbert v. Short, 150 Ga. 414 (4, 5); Whelchel v. Waters, 152 Ga. 614, 615 (4); Aggregate Supply Co. v. Sewell, supra, at p. 412 (2). 4. Accordingly, it is ordered that defendant's motion to strike be, and the same is, hereby overruled."

The trial court correctly held as to such issue that the plaintiff's petition was not subject to the defendant's motion to dismiss.

2. The decision of this court in *Blake v. Williams*, 208 Ga. 353 (66 SE2d 829), purportedly following *Martin & Smith v. Thompson*, 141 Ga. 31 (3) (80 SE 318), is contrary to older full bench decisions of this court and will not be followed. The *Martin & Smith* case, supra, dealt with a statement by a temporary administratrix of a deceased obligor and is not comparable with a situation like that in the case sub judice where the vendor allegedly stated "that she had changed her mind and was not going through with the transaction because she had decided it would be best not to sell said real estate."

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 13, 1970—DECIDED MAY 7, 1970.

*Robert H. Herndon*, for appellant.
*G. L. Dickens, Jr.*, for appellee.